STATE OF CONNECTICUT *v.* DAVID BROWN
(8067)

DUPONT, C. J., BORDEN and DALY, Js.

Argued March 14—decision released May 9, 1990

*Judith A. Busch,* with whom, on the brief, was *Ralph Sherman,* law student intern, for the appellant (defendant).

*Geoffrey E. Marion,* deputy assistant state's attorney, with whom, on the brief, were *Frank S. Maco,* state's attorney, and *David Shepak,* assistant state's attorney, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of the trial court revoking his probation and reinstating the suspended portion of his original sentence. The dispositive issue is whether, under the circumstances of this case, the defendant's operation of a motor vehicle while under the influence of liquor in violation of General Statutes § 14-227a constituted a violation of that condition of his probation order forbidding him from violating "any criminal law" of this state. We conclude that it does, and, accordingly, we affirm.

The following facts are undisputed. In 1985, the defendant was convicted of manslaughter in the second degree with a motor vehicle while intoxicated in violation of General Statutes § 53a-56b. He was sentenced to a term of five years, execution suspended after two and one-half years, followed by three years probation. Upon his release from custody, a probation officer explained the conditions of the probation order to the defendant, and the defendant signed the order. Two special conditions of probation were that he not operate a motor vehicle without a valid license, and that he receive alcohol counseling. In addition to the two special conditions, the order contained five conditions. The first of the five conditions specified that the defendant must "not violate any criminal law of the United States, this state or any other state."

In August, 1988, the defendant was arrested for operating a motor vehicle while under the influence of liquor in violation of General Statutes § 14-227a.[1] While that

---

[1] General Statutes (Rev. to 1987) § 14-227a provides in pertinent part: "(a) No person shall operate a motor vehicle while under the influence of intoxicating liquor . . . . (h) Any person who violates any provision of subsection (a) of this section shall: (1) For conviction of a first violation, be fined not less than five hundred dollars nor more than one thousand dollars and (A) imprisoned not more than six months, forty-eight consecutive hours of which may not be suspended or reduced in any manner or (B) sentenced to a term of one hundred hours of community service, as defined in section 14-227e, and have his motor vehicle operator's license or nonresident operating privilege suspended for one year . . . ."

prosecution was pending, the state charged the defendant with violation of probation, claiming that his conduct of operating a motor vehicle while under the influence of liquor, in violation of General Statutes § 14-227a, violated the condition of probation that he not violate any "criminal law" of this state. After a probation revocation hearing, the court found that the defendant had engaged in conduct that was in violation of § 14-227a. The court further found that the defendant's conduct was a clear violation of a condition of his probation, and that the requirements of rehabilitation of the defendant and protection of the community would be served by revoking his probation. The court concluded that under *State* v. *Kluttz,* 9 Conn. App. 686, 521 A.2d 178 (1987), General Statutes § 14-227a constituted a "criminal law" for purposes of the defendant's probation. Accordingly, the court revoked his probation and reinstated the suspended portion of his original sentence. This appeal followed.

The defendant raises four intertwined claims: (1) the court violated his due process rights by adding a condition of probation without notice to him; (2) the court abused its discretion in finding that he violated a criminal law; (3) the defendant did not violate any criminal law; and (4) the court reached conclusions contrary to the evidence. Although the defendant purports to raise these four separate claims, he did not brief or argue them separately.

We first note that, despite the defendant's purported claim that the court reached conclusions contrary to the evidence, he does not challenge the court's factual finding that he operated a motor vehicle while under the influence of liquor. Nor does he argue that the court abused its discretion in revoking his probation because revocation and commitment were, under the factual circumstances of this case, disproportionate remedies for the nature of his violation. The linchpin of his claim is that, because under *State* v. *Kluttz,* supra, operating

a motor vehicle in violation of General Statutes § 14-227a is a motor vehicle violation and not a crime, his probation was invalidly revoked. We disagree.

In *Kluttz,* we held that, for purposes of the statutory definitions set forth in General Statutes § 53a-24 (a),[2] negligent homicide with a motor vehicle in violation of General Statutes § 14-222a is a "motor vehicle violation" and not an "offense" or "crime." Id., 693. On the basis of the same analysis, we conclude that for purposes of General Statutes § 53a-24 (a), § 14-227a is a motor vehicle violation and not a "crime." That conclusion, however, does not resolve this case.

The issue confronting this court in *Kluttz* was whether General Statutes § 14-222a, negligent homicide with a motor vehicle, was a lesser included offense of General Statutes § 53a-57, misconduct with a motor vehicle, for purpose of the lesser included offense doctrine. We concluded that even though negligent homicide with a motor vehicle was not a crime for purposes of General Statutes § 53a-24 (a), it was an offense for purposes of the lesser included offense doctrine. We reasoned that "[w]hat may or may not be a criminal offense for purposes of a particular statutory categorization is not necessarily determinative of whether it is a criminal offense for purposes of the lesser included offense doctrine. See, e.g., *Illinois* v. *Vitale,* 447 U.S. 410, 100 S. Ct. 2260, 65 L. Ed. 2d 228 (1980) (traffic violation may be an 'offense' for purposes of double jeopardy analysis). Whether the lesser included offense doctrine should apply to include a transgression of the

[2] General Statutes § 53a-24 (a) provides: "The term 'offense' means any crime or violation which constitutes a breach of any law of this state or of any other state or of federal law or local law or ordinance of a political subdivision of this state, for which a sentence to a term of imprisonment or to a fine, or both, may be imposed, except one that defines a motor vehicle violation or is deemed to be an infraction. The term 'crime' comprises felonies and misdemeanors. Every offense which is not a 'crime' is a 'violation.' Conviction of a violation shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense."

law which the legislature has categorized for certain purposes as noncriminal depends, not on that categorization, but on the functions and purposes of the doctrine itself." *State* v. *Kluttz,* supra, 699.

Similarly, whether the particular transgression of the law invoked here, which the legislature has deemed to be noncriminal for purposes of General Statutes 53a-24 (a), should be regarded, nonetheless, as criminal for purposes of a condition of probation, depends not on that categorization but on the functions and purposes of probation. Those functions and purposes lead us to conclude that, under the facts of this case, a violation of General Statutes § 14-227a was, for purposes of the defendant's conditions of probation, a violation of the criminal laws of this state.

General Statutes § 53a-29 (a) provides that the court may impose a sentence of probation "if it is of the opinion that: (1) Present or extended institutional confinement of the defendant is not necessary for the protection of the public; (2) the defendant is in need of guidance, training or assistance which, in his case, can be effectively administered through probation supervision; and (3) such disposition is not inconsistent with the ends of justice." Thus, three functions and purposes served by probation emanate from the statute: (1) a recognition that, in certain cases, the protection of the public does not require incarceration of the defendant; (2) the need for rehabilitation of the particular defendant, under probation supervision; and (3) that the ends of justice would be served by such a sentence. Consistent with these statutory functions and purposes, our Supreme Court has stated that "the purpose of probation is 'to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable.' " *State* v. *Smith,* 207 Conn. 152, 164, 540 A.2d 679 (1988), quoting *Burns* v. *United*

States, 287 U.S. 216, 220, 53 S. Ct. 154, 77 L. Ed. 266 (1932). Probation is designed " 'to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large.' " *State* v. *Smith,* supra, 165, quoting *Griffin* v. *Wisconsin,* 483 U.S. 868, 875, 107 S. Ct. 3164, 97 L. Ed. 2d 709 (1987). The "two central concerns of the probation system [are] the successful rehabilitation of the probationer and the safety of the community." *United States* v. *Dane,* 570 F.2d 840, 845 (9th Cir. 1977).

Here, the defendant was on probation for the crime of manslaughter in the second degree with a motor vehicle while intoxicated. During the defendant's probationary term, the state afforded him an opportunity for supervised rehabilitation to address his tendency to drink and drive. At the same time, conditions on the defendant's probation were imposed in order to protect the public from any additional exposure to harm resulting from that dangerous tendency. General Statutes § 14-227a, which the defendant was found to have violated, proscribes the very type of conduct contemplated by his probation order, and carries a term of incarceration of not more than six months for a person convicted of a first violation. Under these circumstances, General Statutes § 14-227a constituted a "criminal law" within the meaning of the defendant's conditions of probation.

This conclusion also disposes of the defendant's claim that the court violated his due process rights by adding a condition of probation without giving him notice thereof. Since a violation of General Statutes § 14-227a constituted a violation of the criminal laws of this state, and since it is undisputed that the probation order signed by the defendant included that condition, his constitutional argument falls of its own weight. Furthermore, there was undisputed evidence that his probation officer, when discussing the probation conditions with

the defendant, specifically told him that certain motor vehicle violations for which incarceration is a possible sentence, such as driving under the influence of liquor, would be considered a violation of his probation.

The judgment is affirmed.

In this opinion the other judges concurred.