STATE OF CONNECTICUT *v.* ROBERT C. TRAHAN
(AC 13810)

O'Connell, Foti and Heiman, Js.

Argued April 22—officially released July 15, 1997

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Patricia A. Swords*, state's attorney, and *Matthew Gedansky*, assistant state's attorney, for the appellant (state).

*Pamela S. Nagy*, special assistant public defender, for the appellee (defendant).

*Opinion*

HEIMAN, J. The state, with the permission of the trial court,[1] appeals from the judgment granting the defendant's motion to dismiss a charge of failure to appear in the second degree in violation of General Statutes § 53a-173. The defendant moved to dismiss the charge against him after the state reported to the court that the defendant had failed to complete satisfactorily a previously granted application for accelerated rehabilitation as to that charge. In this appeal, the state asserts that the trial court acted improperly in dismissing the underlying charge because the statute mandates that, where a defendant fails to complete satisfactorily a period of probation imposed under a grant of accelerated rehabilitation, the case shall be brought to trial. As an alternative, the state posits that the action of the trial court in dismissing the underlying charge, under the facts of this case, constituted an abuse of discretion.

The facts necessary to a resolution of this appeal are not substantially in dispute. On November 24, 1990, the defendant was issued a summons charging him with operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a and failure to display proper lighted lamps and illuminating devices in violation of General Statutes § 14-96a. The defendant failed to make a scheduled court appearance on February 25, 1991, with respect to the motor vehicle charges and he was subsequently charged with failure to appear in the second degree in violation of General Statutes § 53a-173.

---

[1] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the Superior Court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the Supreme Court or to the Appellate Court, in the same manner and to the same effect as if made by the accused."

On August 31, 1992, the defendant applied for accelerated rehabilitation as to the charge of failure to appear. On November 9, 1992, the defendant withdrew his prior plea of not guilty as to the charge of operating a motor vehicle while under the influence of intoxicating liquor or drugs and entered a plea of guilty to that charge. The state entered a nolle to the charge of failure to display proper lighted lamps and illuminating devices. On the same day, the trial court granted the defendant's application for accelerated rehabilitation with respect to the charge of failure to appear.

On the defendant's conviction of operating a motor vehicle while under the influence of intoxicating liquor or drugs, the trial court imposed a sentence of six months in the custody of the commissioner of correction, suspended, and in lieu of the mandatory forty-eight hour period of incarceration, ordered the defendant to perform 100 hours of community service. See General Statutes § 14-227a (h). It also placed the defendant on probation for a period of eighteen months and imposed as special conditions of probation that the defendant not operate a motor vehicle while his right to operate was under suspension, that he undergo such alcohol counseling as deemed appropriate by the office of adult probation, and that he complete the community service requirement within one year. The trial court also ordered the defendant to pay a fine of $500.

In disposing of the defendant's application for accelerated rehabilitation, the trial court placed the defendant in a probationary status for a period of eighteen months. This period of probation ran concurrently with the period of probation imposed as a result of the defendant's conviction. The defendant was ordered to perform twenty-five hours of community service in addition to the 100 hours ordered by the trial court under his conviction.[2]

---

[2] The judgment file does not recite the imposition of an additional twenty-five hours of community service as a condition of the accelerated rehabilita-

In June, 1993, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor or drugs. In the same proceeding, the defendant was also convicted of operating a motor vehicle while his license was under suspension.[3] See General Statutes § 14-215 (c). The defendant was presented on a charge of violation of probation with respect to his prior driving while under the influence conviction. His probation was revoked and he was committed to the custody of the commissioner of correction for the violation of probation. The court was neither asked to take, nor did it take, any action to terminate the accelerated rehabilitation probationary period.

On June 14, 1994, the defendant appeared before the trial court seeking a dismissal of the failure to appear charge for which accelerated rehabilitation had been granted. The state's attorney reported to the court that the defendant had failed to complete satisfactorily the period of accelerated rehabilitation. The defendant, through counsel, conceded that he had been subsequently arrested and convicted as previously set forth, but asserted that it would be unfair not to dismiss the underlying case.[4] The trial court dismissed the underly-

---

tion, but the transcript of the sentencing and accelerated rehabilitation proceeding states this condition. In addition, the defendant concedes the existence of this condition in his brief.

[3] In his brief, the defendant asserts that there was no evidence before the trial court of these convictions, nor did the record indicate the existence of these convictions. At the hearing before the trial court, however, the defendant's counsel clearly stated that the defendant was subsequently convicted. See *Council on Probate Judicial Conduct re: James H. Kinsella*, 193 Conn. 180, 200, 476 A.2d 1041 (1984).

[4] The entire proceeding before the trial court is as follows:

"[Assistant State's Attorney]: This is an unsatisfactory completion of accelerated rehabilitation.

"[Defense Counsel]: Your Honor, I'd like to be heard on whether this case should be dismissed or not. [The defendant] is my case and he feels that what happened here is unfair. What happened in this case is that on November 9, 1992, he pled guilty to operating under the influence and received six months suspended and eighteen months probation and on the second charge of the

ing charge of failure to appear for which the defendant had been granted accelerated rehabilitation, and this appeal follows.

I

Before we begin our discussion of the substantive claims of the parties, we must first resolve an assertion by the defendant that the state failed to preserve adequately its claims before the trial court. Specifically, the defendant asserts that this case is not reviewable because the state failed to raise before the trial court its claim that the trial court lacks discretion to dismiss

same file he received accelerated rehabilitation for eighteen months. In June of 1993, he was arrested and convicted for [driving while under the influence (DWI)] and operating under suspension in Enfield. The probation department then presented him on a charge of violation of probation under DWI and he was sentenced to jail. He spent forty-three days in jail last summer. He thought that his case was disposed of. There was also a condition on the failure to appear and the drunk driving that he perform community service. He says he performed forty-seven hours of community service. On the accelerated rehabilitation he was obligated to do twenty-five hours. He actually did a lot of work for the Knights of Columbus doing carpentry and electrical work.

"The Court: I think the ends of justice would be adequately satisfied if I dismiss the case.

"[Assistant State's Attorney]: On what basis, Your Honor?

"The Court: On the basis of the ends of justice require it.

"[Assistant State's Attorney]: I don't believe that's what the statute entails, Your Honor. He's been convicted of a subsequent offense.

"The Court: If you'd like permission to appeal, I give you permission.

"[Assistant State's Attorney]: Thank you.

"The Court: What do you think the outcome of a guilty plea would be on this charge?

"[Assistant State's Attorney]: On the charge?

"The Court: Yes.

"[Assistant State's Attorney]: I don't know.

"The Court: It's interesting. We now want to give him a criminal record on a motor vehicle offense on which he paid heavily a couple of times. You do what you want to do.

"[Assistant State's Attorney]: I will, Your Honor. Thank you.

"The Court: I would just state for the record that the reason that I think the ends of justice require it because under the circumstances, I think there's has been substantial requirements, substantial compliance, with any normal thing that could have been expected."

a case under General Statutes (Rev. to 1993) § 54-56e,[5] and that the statute mandates that the case be brought to trial. We are unpersuaded.

In the colloquy between the trial court and the assistant state's attorney, the state clearly claims that the case involved an unsatisfactory completion of accelerated rehabilitation.[6] Further, the defendant conceded

[5] General Statutes (Rev. to 1993) § 54-56e provides in relevant part: "There shall be a pretrial program for accelerated rehabilitation of persons accused of a crime or a motor vehicle violation for which a sentence to a term of imprisonment may be imposed, which crime or violation is not of a serious nature. The court may, in its discretion, invoke such program on motion of the defendant or on motion of a state's attorney or prosecuting attorney with respect to an accused who, the court believes, will probably not offend in the future and who has no previous record of conviction of a crime or of a violation of section 14-196, subsection (c) of section 14-215, section 14-222a, subsection (a) of section 14-224 or section 14-227a and who states under oath, in open court or before any person designated by the clerk and duly authorized to administer oaths, under the penalties of perjury that he has never had such program invoked in his behalf, provided the defendant shall agree thereto and provided notice has been given by the accused, on a form approved by rule of court, to the victim or victims of such crime or motor vehicle violation, if any, by registered or certified mail and such victim or victims have an opportunity to be heard thereon. . . . Any defendant who enters such program shall agree to the tolling of any statute of limitations with respect to such crime and to a waiver of his right to a speedy trial. Any such defendant shall appear in court and shall be released to the custody of the office of adult probation for such period, not exceeding two years, and under such conditions as the court shall order. *If the defendant refuses to accept, or, having accepted, violates such conditions, his case shall be brought to trial.* If such defendant satisfactorily completes his period of probation, he may apply for dismissal of the charges against him and the court, on finding such satisfactory completion, shall dismiss such charges. If the defendant does not apply for dismissal of the charges against him after satisfactorily completing his period of probation, the court, upon receipt of a report submitted by the office of adult probation that the defendant satisfactorily completed his period of probation, may on its own motion make a finding of such satisfactory completion and dismiss such charges. Upon dismissal, all records of such charges shall be erased pursuant to section 54-142a. An order of the court denying a motion to dismiss the charges against a defendant who has completed his period of probation or terminating the participation of a defendant in such program shall be a final judgment for purposes of appeal." (Emphasis added.)

[6] See footnote 4.

that he had, during the period of accelerated rehabilitation, again been arrested and convicted of operating while under the influence and had also been convicted of operating a motor vehicle while his right to operate was under suspension.[7] In light of these admissions in open court, it is disingenuous for the defendant to now claim that the state failed to preserve this claim properly. See *State* v. *Roberson*, 165 Conn. 73, 78, 327 A.2d 556 (1973). On the basis of our review of the record, we conclude that the state's claim was preserved and is properly before us.[8]

## II

The state first asserts that the trial court acted improperly when it dismissed the underlying charge of failure to appear, where the defendant had failed to complete his period of accelerated rehabilitation because of his conviction of two offenses during the period of the accelerated rehabilitation program. The state posits that where a defendant fails to complete satisfactorily the conditions of accelerated rehabilitation, the statute mandates that the underlying charges be brought to trial. Alternatively, the state asserts that the trial court abused its discretion in dismissing the underlying charge. The defendant asserts, however, that the trial court had discretion to dismiss the charge pursuant to its power under General Statutes § 54-56,[9]

---

[7] See footnote 4.

[8] We note that the defendant asserts three additional arguments for the state's failure to preserve properly its claims. These additional arguments, are actually alternative grounds for affirmance. Because the defendant failed to comply with Practice Book § 4013 (a) (1), in that he did not file the requisite preliminary statement of issues, we refuse to consider the improperly raised alternative grounds for affirmance. See Practice Book § 4013 (a) (1); see also *D'Ulisse-Cupo* v. *Board of Directors of Notre Dame High School*, 202 Conn. 206, 216 n.4, 520 A.2d 217 (1987); *State* v. *One 1961 BMW Automobile*, 15 Conn. App. 589, 598, 546 A.2d 879 (1988).

[9] General Statutes § 54-56 provides: "All courts having jurisdiction of criminal cases shall at all times have jurisdiction and control over informations and criminal cases pending therein and may, at any time, upon motion by

or, alternatively, that the trial court was vested with discretion to dismiss the charge under § 54-56e.[10] Finally, the defendant asserts that because the state failed to act at the time of the defendant's subsequent convictions, it waived its right to assert that the defendant failed to complete satisfactorily his period of accelerated rehabilitation.[11]

We begin our analysis of whether the statutory language of § 54-56e, "[i]f the defendant . . . violates such conditions, his case shall be brought to trial," is mandatory or directory, by repeating the well established principles of statutory interpretation. It is our function when construing a statute, to determine and give effect to the intent of the legislature. See *Doe* v. *Statewide Grievance Committee*, 240 Conn. 671, 680, 694 A.2d 1218 (1997). "While we generally will not look for interpretative guidance beyond the language of the statute when the words of that statute are plain and unambiguous . . . our past decisions have indicated that the use of the word 'shall,' though significant, does not invariably create a mandatory duty. *Fidelity Trust Co.* v. *BVD Associates*, 196 Conn. 270, 278, 492 A.2d 180 (1985); *Tramontano* v. *Dilieto*, 192 Conn. 426, 433–34, 472 A.2d 768 (1984). *Hall Manor Owner's Assn.* v. *West Haven*, 212 Conn. 147, 152, 561 A.2d 1373 (1989). In order to determine whether a statute's provisions are mandatory we have traditionally looked beyond the use of the word 'shall' and examined the statute's essential purpose. . . . The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode

---

the defendant, dismiss any information and order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial."

[10] See footnote 5.

[11] Because the defendant failed to comply with the provisions of Practice Book § 4013 (a) (1), we decline to address these alternative grounds of affirmance. See footnote 8.

of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . *Katz* v. *Commissioner of Revenue Services*, 234 Conn. 614, 617, 662 A.2d 762 (1995)." (Citation omitted; internal quotation marks omitted.) *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 445–46, 685 A.2d 670 (1996). A statutory provision of this type directs what is to be done but does not invalidate any action taken for failure to comply. See *Katz* v. *Commissioner of Revenue Services*, supra, 617. "Furthermore, if there is no language that expressly invalidates any action taken after noncompliance with the statutory provisions, the statute should be construed as directory." *Crest Pontiac Cadillac, Inc.* v. *Hadley*, supra, 446.

Looking solely at the language of § 54-56e, it appears to require that, if a defendant shall fail to complete satisfactorily the requisite conditions of his accelerated rehabilitation, the case shall be brought to trial. "Definitive words, such as 'must' or 'shall,' ordinarily express legislative mandates of a nondirectory nature." *Doe* v. *Statewide Grievance Committee*, supra, 240 Conn. 681. As we have previously stated, however, our Supreme Court has taught that the use of the word "shall," although significant, does not invariably set forth a mandatory duty. See id. We thus turn to other considerations in determining whether the language of § 54-56e is mandatory or directory.

The clear language of the statute invokes a penalty on the defendant for his or her failure to complete satisfactorily the conditions imposed upon the granting

of accelerated rehabilitation. "The only right that the defendant may earn under the accelerated rehabilitation statute is the right to a dismissal of the charges against him, a right that is expressly conditioned on satisfactory completion of the period of probation. If the trial court determines that the defendant did not fulfill the conditions of probation, the charges will not be dismissed and the defendant may be required to go to trial [if the defendant elects not to plead guilty to the charges]." *State* v. *Parker*, 194 Conn. 650, 658, 485 A.2d 139 (1984). If in fact the trial court incorrectly determines that the defendant has not successfully met the conditions of his probation, and the defendant was in fact entitled to a dismissal of the charges, that right can be vindicated by an appeal after a trial. See id. " 'Bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship.' *Cobbledick* v. *United States*, [309 U.S. 323, 325, 60 S. Ct. 540, 84 L. Ed. 2d 783 (1940)]. How much more so is this true of a person who may be guilty of the offense charged but whom the legislature has declared a worthy candidate for a second chance." *State* v. *Parker*, supra, 658.

Here, the statute imposes a penalty against a defendant who fails to meet successfully the conditions of a period of probation that results from the granting of an application for accelerated rehabilitation. The penalty imposed is that the case shall be brought to trial. We conclude that the legislative directive is not designed to "secure order, system and dispatch in proceedings"; *State* v. *White*, 169 Conn. 223, 238, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975); but, is designed to provide a mandate for the disposition of the case of a defendant who has received a boon in the nature of a second chance and has failed to meet the terms set down for his governance. See *State* v. *Parker*, supra, 194 Conn. 658.

The assertion that the language of § 54-56e is mandatory also finds support in the legislative history of its enactment. In the debate on the adoption of the bill, its sponsor clearly stated that if a defendant fails to complete his probationary period, "he must then come back and face the Court for trial."[12]

We conclude that the language in § 54-56e is mandatory in nature and that failure to complete satisfactorily the period of pretrial probation requires that the case be returned to the docket for trial.

### III

Having concluded that the statute is mandatory in its command that the case shall be brought to trial in the event that the defendant fails to complete successfully the period of accelerated rehabilitation, we next turn to the issue of whether the defendant failed to complete successfully his period of accelerated rehabilitation. We conclude that the defendant's subsequent conviction for operating a motor vehicle while under the influence of intoxicating liquor or drugs constituted an unsuccessful completion of his accelerated rehabilitation.

General Statutes § 53a-24 defines the term offense.[13] We have previously determined that operating a motor

---

[12] 16 H.R. Proc., Pt. 11, 1973 Sess., pp. 5712–15, remarks of Representative Samuel Freedman (debate concerning adoption of No. 8984, An Act Providing for Accelerated Rehabilitation Disposition of Criminal Cases).

[13] General Statutes § 53a-24 provides: "(a) The term 'offense' means any crime or violation which constitutes a breach of any law of this state or any other state, federal law or local law or ordinance of a political subdivision of this state, for which a sentence to a term of imprisonment or to a fine, or both, may be imposed, except one that defines a motor vehicle violation or is deemed to be an infraction. The term 'crime' comprises felonies and misdemeanors. Every offense which is not a 'crime' is a 'violation'. Conviction of a violation shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense.

"(b) Notwithstanding the provisions of subsection (a) of this section, the provisions of sections 53a-28 to 53a-44, inclusive, shall apply to motor vehicle violations. Said provisions shall apply to convictions under section 21a-278

vehicle while under the influence of intoxicating liquors or drugs does not constitute an offense as defined by § 53a-24. See *State* v. *Brown*, 22 Conn. App. 108, 111, 575 A.2d 699, cert. denied, 216 Conn. 811, 580 A.2d 61 (1990). As we said in *Brown*, that does not end the inquiry. We must determine whether a particular act that the legislature has determined to be noncriminal for purposes of § 53a-24, may nonetheless be regarded as criminal for the purpose of assessing a successful completion of a period of probation imposed under the accelerated rehabilitation statute. See id., 112. An examination of the facts and circumstances of this case convinces us that the defendant's subsequent conviction for operating a motor vehicle while under the influence constituted a violation of his accelerated rehabilitation.

"General Statutes § 54-56e, establishes a discretionary pretrial diversionary program in certain criminal cases. It suspends criminal prosecution for a stated period of time subject to such conditions as the court shall order. If the defendant satisfactorily completes the probationary period he may then apply to the court for dismissal of the charges lodged against him. The main thrust of the statute is suspension of prosecution." *State* v. *Spendolini*, 189 Conn. 92, 95–96, 454 A.2d 720 (1983). The only right that the defendant acquires by the granting of a motion for accelerated rehabilitation is the right to a dismissal of the underlying criminal charge if the defendant satisfactorily completes the period of pretrial probation imposed. See *State* v. *Parker*, supra, 194 Conn. 658.

While the trial court may impose additional conditions of probation, we conclude that the defendant must comply with the general conditions of probation as set

except that the execution of any mandatory minimum sentence imposed under the provisions of said section may not be suspended."

out in General Statutes § 53a-30. We draw this conclusion from the fact that accelerated rehabilitation is simply a form of pretrial probation and thus the defendant must comply with the general conditions of probation, including the condition that requires that a probationer "refrain from violating any criminal law of the United States, this state or any other state . . . ." General Statutes § 53a-30 (a) (7). We are also persuaded to this conclusion by the opinion in *State* v. *Barnes*, 37 Conn. Sup. 853, 857 n.3, 439 A.2d 456 (1981), a well reasoned opinion of the Appellate Session of the Superior Court, in which the court determined that the conditions of probation set forth in § 53a-30 (a) apply with equal force to both pretrial and postconviction probation. Moreover, "[i]t is presumed that the legislature, in enacting statutes, acts with the knowledge of existing relative statutes[14] and with the intent to create one consistent body of law." *State* v. *Marquis*, 42 Conn. App. 186, 197, 679 A.2d 386, cert. granted on other grounds, 239 Conn. 934, 684 A.2d 709 (1996). Accordingly, we are persuaded that a conviction of certain offenses may constitute failure to complete satisfactorily a period of pretrial probation.

The purpose of probation is to afford a period during which a penitent offender may be assisted in rehabilitation. See *State* v. *Brown,* supra, 22 Conn. App. 112. "Probation is designed to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large. *State* v. *Smith,* [207 Conn. 152, 165, 540 A.2d 679 (1988)], quoting *Griffin* v. *Wisconsin,* 483 U.S. 868, 875, 107 S. Ct. 3164, 97 L. Ed. 2d 709 (1987). The two

[14] See, e.g., General Statutes § 46b-38c (pretrial family violence diversionary program) and General Statutes § 54-56g (alcohol education program). In § 46b-38c the language adopted by the General Assembly is the same as that employed in § 54-56c, while the language used in § 54-56g closely resembles the language used in § 54-56e.

central concerns of the probation system [are] the successful rehabilitation of the probationer and the safety of the community. *United States* v. *Dane,* 570 F.2d 840, 845 (9th Cir. 1977)." (Internal quotation marks omitted.) *State* v. *Brown,* supra, 113.

Here, the criminal charge under which the defendant was granted accelerated rehabilitation was failure to appear in the second degree, a charge that had its genesis in the fact that the defendant had been charged with operating a motor vehicle while under the influence of intoxicating liquor or drugs. During his period of accelerated rehabilitation, the defendant was also serving a period of probation as a result of his conviction for operating a motor vehicle while under the influence. Thus, the failure to appear charge is intimately connected and grounded in the defendant's offense of operating a motor vehicle while under the influence. The period of probation imposed in each instance was designed to prevent a recurrence of the conduct that underlies the defendant's failure to appear, the operation of a motor vehicle while under the influence. Moreover, the defendant's subsequent conviction for operating a motor vehicle while under the influence carried with it a nonsuspendable period of incarceration. Under these circumstances, we conclude that the defendant's conviction for operating while under the influence during his period of pretrial probation constituted a violation of the criminal law within the meaning of the defendant's conditions of probation. See id.

We have previously held that "[r]efraining from criminal activity is an integral part of probation and requires no special order or condition." *State* v. *Wright,* 24 Conn. App. 575, 576, 590 A.2d 486 (1991). It is indisputable that refraining from criminal activity is an integral part of any probation order, pretrial or postconviction, and

commission of an offense while on probation constitutes a breach of the conditions of probation. See id.

We conclude that the trial court acted improperly in determining that the defendant had satisfactorily completed his period of accelerated rehabilitation when he had again been convicted of operating a motor vehicle while under the influence of intoxicating liquor or drugs during the period of his accelerated rehabilitation. We conclude, therefore, that the trial court acted improperly in dismissing the underlying criminal charge of failure to appear.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to dismiss, to reinstate the case to the trial list, and for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.