[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 24, 1997
In this product liability action, the plaintiff and apportionment-defendants, Raymond and Shari Racine, move to strike an apportionment complaint filed by the defendant-in-chief, Sabrina Pools, Inc. (Defendant).
The complaint and apportionment-complaint allege that the plaintiff was injured as a result of a defective swimming pool sold to the Racines by the defendant and located on the Racine's property. The apportionment-complaint, as distinguished from a contribution-complaint which was also filed by the defendant in this case against other parties, also alleges that the Racines were negligent with regard to the maintenance and use of the pool.
The movants contend that no apportionment of liability, applicable to ordinary negligence actions under G.S. § 52-572h
and § 52-102b, is available in product liability actions brought under the Connecticut Product Liability Act (Act), G.S. § 52-572m et seq., which supplants all other claims, including negligence claims, with respect to harm caused by defective products. The defendant asserts, to the contrary, that the Act merely consolidates and incorporates the procedures attendant to negligence and other actions arising in the setting of defective products rather than supplants them.
The court agrees with the movant for the following reasons.
1. The Act states that a product liability claim "shall be inlieu of all other claims against product sellers, including actions of negligence . . .," § 52-572n(a). (emphasis added). It is admitted that the defendant is a seller of swimming pools. The legislature's use of the phrase "in lieu of" is clear and unambiguous. That phrase means "instead of" and not "to consolidate" or "to collect."
The product liability action under the Act is the exclusive remedy against product sellers for defective merchandise claims by consumers, Elliot v. Sears, Roebuck Co., 229 Conn. 500, 504
(1994); Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471
(1989). If the legislature meant to engraft the apportionment provisions of ordinary negligence actions, contained in §§52-572h and 52-102b, into the Act, it knew how to do so having expressly retained joint and several liability law in §52-572o(d). CT Page 7986
The Act predates the apportionment-complaint procedure created in 1995 and contained in § 52-102b by several years. If the legislature wished for the Act to include the apportionment-complaint procedure of § 52-102b, it had ample time to amend the Act. It is presumed the legislature acts with knowledge of existing, related laws, State v. Trahan,45 Conn. App. 722, 735 (1997). If the defendant's version of the Act were correct, one would expect the Act to contain specific reference to § 52-102b, as such references are present in the Act regarding other statutory provisions.
2. Section 52-572o(d) of the Act, as noted above, expressly retains the common law doctrine of joint and several liability among joint tortfeasors. This provision would have to have been repealed to permit the apportionment procedure of § 52-102b
to apply. Clearly, § 52-572o(d) remains in effect. Because every product seller liable for a defect product is jointly and severally liable to the claimant, apportionment is inapposite. The legislature is presumed to create a consistent, and not contradictory, body of law, State v. Trahan, supra.
3. Section 52-572o of the Act sets forth a "comparative responsibility" scheme applicable in product liability cases. Under this procedure, the trier of fact determines the comparative responsibility of the parties including the claimant, § 52-572o(b). "Responsibility" is a broader term than negligence and can include intentional, reckless, negligent, and even nonnegligent conduct. The claimant's recovery is diminished by any claimant responsibility for causing the claimant's own damages, § 52-572o(a). After subtracting the claimant's portion of responsibility, if any, the liable defendants have joint and several liability for the remaining damages, §52-572o(d). The liable defendants, however, are afforded contribution with respect to each other in accordance with the percentage of responsibility allocable to each defendant, §52-572o(e). In sum, the legislative scheme of comparative responsibility contained in § 52-572o of the Act permits full recovery, after deduction for self-inflicted harm, to a claimant as against any defendant found liable without regard to that defendant's proportion of responsibility.
In stark contrast, the legislative scheme of comparative negligence under §§ 52-572h and 52-102b pertaining to negligence actions only permits recovery against a liable defendant for that defendant's share of the total negligence CT Page 7987 involved. This is the antithesis of the joint and several liability provision of § 52-572o(d).
The defendant's incorporation theory would have the comparative negligence and apportionment procedure of ordinary negligence claims apply contemporaneously with the comparative responsibility procedure of the Act. This produces two schemes dealing with the same topic, i.e. joint liability, which are duplicative and incompatible with each other. Redundant, superfluous, and bizarre results are to be avoided when construing statutes, Great Country Bank v. Pastore,241 Conn. 423, 432 (1997).
4. A fundamental flaw in the defendant's position is the unworkability of an apportionment procedure regarding negligence in a strict liability case. In order to establish a right to recovery for product liability, a plaintiff needs to prove (1) that the defendant was engaged in the business of selling the product; (2) that the product was in a defective and unreasonably dangerous condition for the consumer; (3) that the defect caused the injury for which compensation is sought; (4) that the defect existed at the time of sale, and (5) that the product was expected to and did reach the consumer without substantial change in condition, Potter v. Chicago Pneumatic Tool Co.,241 Conn. 199, 214 (1997). Once these elements are proven, liability to the claimant obtains without regard to seller negligence. The defect may have been caused by intentional, reckless, or negligent conduct by the seller or the seller's supplier. Liability still exists even though subject to reduction for claimant misuse and with the possibility of contribution of others if the defendant satisfies the judgment, § 52-572o.
An apportionment-complaint under § 52-102b is useless if negligence is immaterial as to liability. The present case aptly illustrates this problem. The apportionment-complaint avers negligence by the property owners, the purchasers of the pool. Although the purchaser's conduct may be relevant to issues of defectiveness, alteration, and misuse, the property owners are not product sellers and can have no liability under the Act in this product liability action. It is difficult to perceive what conduct by the defendants, which need not necessarily be negligent, is to be compared with the landowners' purported negligence. The unworkability of the defendant's proposition for borrowing apportionment procedures from the negligence area of the law militates against regarding that proposition as the CT Page 7988 legislature's intent under the Act.
5. Finally, the language of § 52-102b, which outlines the procedure for apportionment complaints, belies the defendant's claim. That provision states that it pertains to "any civil action to which section 52-572h applies." Section 52-572h applies by its terms only to negligence actions. Certainly, if the legislature meant § 52-102b to extend to product liability cases, the legislature would have inserted specific reference to the Act to explicate that intent. Such reference is conspicuously absent.
For these reasons, the motion to strike is granted.
SFERRAZZA, J.