[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO DISMISS
This is an action by a former employee brought against the Town of Enfield and his union, AFSCME, Connecticut Council, to collect holiday pay to which he claims to be entitled when he was out of work between January 1996 and October, 1997 and to recover damages from the union for failing to file a grievance on his behalf when he asked it to do so.
 FACTS
Both of the defendants in this action, the Town of Enfield and AFSCME, have moved to dismiss the plaintiff's complaint because plaintiff's failure to exhaust his remedies under the grievance procedure of the collective bargaining agreement between the union and the Town of Enfield.
Article 6 of the collective bargaining agreement sets out a CT Page 2566 grievance procedure to deal with claims that arise out of the employer-employee relationship. The first step of the grievance procedure is for an "aggrieved employee and/or the union on behalf of any aggrieved employee" to present the facts of the grievance to the immediate supervisor within ten days. The plaintiff claims that he relied on the union to file a grievance on his behalf, but he did not initiate the grievance procedure on his own as permitted by the collective bargaining agreement.
 I.
"`It is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendant and the plaintiffs' union. . . . Failure to exhaust the grievance procedure deprives the court of subject matter jurisdiction.'" Hunt v. Prior, 236 Conn. 421
(1996), quoting Labbe v. Pension Commission, 229 Conn. 801, 811
(1994).
Exhaustion is not required, however, when the remedy would be demonstrably futile or inadequate, that is where the grievance procedure could not come to a favorable result. Hunt v. Prior,
supra, 236 Conn. 432. Here, the plaintiff asserts that a side letter agreement, which is attached to the collective bargaining agreement, renders the grievance procedure futile. However, it is not evident from the face of the letter how the plaintiff's claim is affected by it, or how it would render the grievance procedure futile for the defendant.
 II.
The plaintiff argues that the exhaustion requirement was waived because the union breached its duty or fair representation of the plaintiff by acting in bad faith. It is true that where the collective bargaining agreement permits only the union to take a grievance to arbitration, the employee has no further remedy unless he can prove that the union breached its duty of fair representation by acting arbitrarily, maliciously, or in bad faith." Saccardi v. Board of Education, supra,45 Conn. App. 722, citing Vaca v. Sipes, 386 U.S. 171, 186, 87 S.Ct. 903
(1967). "If a union fails to submit a meritorious grievance to arbitration, an employee may sue the union for breach of its duty of fair representation." Tedesco v. Stamford, 222 Conn. 233, 248
CT Page 2567 (1992). Vaca v. Sipes, supra, 386 U.S. 177; see also Spadola v.Amity Regional Board of Education, Superior Court, judicial district of New Haven at New Haven, Docket No. 610642 (October 16, 1992, Levin, J.)
The United States Supreme Court has held that an employee may seek judicial enforcement of his contractual rights if, the union has the sole power under the contract to invoke the higher stages of the grievance procedure, and if the employee has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance. Vaca v. Sipes, supra,386 U.S. 185. The employee has a right to sue the union and the employer even though the "employer may have done nothing to prevent exhaustion." Bowen v. United States Postal Service,459 U.S. 212, 222, 103 S.Ct. 588 (1982).
These cases differ factually from the present case in which the plaintiff could have filed the initial grievance himself. In the cases that allowed the plaintiff to proceed with a claim of bad faith against the union despite the plaintiff's failure to exhaust the grievance procedure, it was the union alone that could have taken the grievance to the next stage. See Bowen v.United States Postal Service, supra, 459 U.S. 214; Vaca v. Sipes,
supra, 386 U.S. 171; Wierzbinski v. Groton Board of Education,
Superior Court, judicial district of New London at New London, Docket No. 515676 (May 20, 1993, Hurley, J.)
Several Superior Court cases have found a lack of subject matter jurisdiction over a claim for breach of the duty of fair representation based on a claim that the union president failed to file a grievance on behalf of a plaintiff, where the plaintiff could have filed a grievance himself. See Greene v. New LondonEducation Assn., Superior Court, judicial district of New London at New London, Docket No. 514692 (October 30, 1992, Leuba, J.); see also Cross v. Nearine, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538675 (February 17, 1995, Wagner, J.). But cf. Wierzbinski v. Groton Board ofEducation, supra, Superior Court, Docket No. 515676 (denying motion to dismiss by employer for failure to exhaust when plaintiff joined union as defendant and alleged breach of duty of fair representation by union by refusing to bring grievance). The weight of authority is to the effect that this court lacks subject matter jurisdiction over the plaintiff's claims for damages against the union and Enfield due to his failure to commence and exhaust the grievance procedure of the collective CT Page 2568 bargaining agreement.
Motions to dismiss granted.
 Wagner, J. Judge Trial Referee