[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO RE-OPEN DISMISSAL
Andrew J. Blair claims that on August 1, 1998 he elected to file an application for accelerated pretrial rehabilitation under the provisions of General Statutes § 54-56e after being charged with reckless driving in violation of General Statutes § 14-222a. On September 28, 1998 the Court (Tamborra, J.) granted the application.
It is alleged that the matter was continued for dismissal to September 28, 1999 and was dismissed on that date.
In December 1999 Mr. Blair was arrested in connection with larcenies alleged to have been committed during the summers of 1998 and 1999 at Mystic Seaport. These charges are now pending in another court. Mr. Blair now wishes to open the dismissal of the motor vehicle charges which took place on September 28, 1999 so that he might apply again for accelerated pretrial rehabilitation in connection with the larceny charges. The state has objected to the application.
For reasons hereinafter stated, the application is denied.
The situation is complicated by the fact that all police and court records of the reckless driving charge have been erased after the dismissal pursuant to General Statutes § 54-142a. There is no docket number and no case pending to which the application can be addressed.
The applicant relies on State v. Trahan, 45 Conn. App. 722 (1997) to support his position. It is argued that in that case the appellate court CT Page 5085-gp held that "failure to complete satisfactorily the period of pretrial probation requires that the case be returned to the docket for trial." id. 733. He reasons that since Blair has committed criminal acts during the period of his pretrial probation his case should be reopened.
The factual situation in Trahan is quite different from that presented under this application however. In Trahan the defendant was arrested and convicted of a criminal offense prior to the dismissal of the charges.
Here the applicant was arrested on the larceny charge almost three months after dismissal of the reckless driving charge. Under such circumstances it would have been procedurally impossible for the State to return the dismissed and erased charge to the docket.
Even if the application were granted it might not benefit Mr. Blair since General Statutes § 54-56e(b)(2) prohibits the court from granting accelerated pretrial rehabilitation where a person has a record of conviction of a violation of § 14-222a and no doubt the 1998 case would be processed first.
Accordingly, the request to reopen the is denied.
 Purtill Judge Trial Referee