[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION OBJECTION TO ACCEPTANCE OF OFFER OF JUDGMENT
This case involves a rear-end accident as a result of which the plaintiff claims severe and substantial injuries for which she seeks money damages. Since the timing of the events from the return day of January 18, 2000, is at the heart of the issue before the court, the following is a procedural history of the case.
On January 26, 2000, the defendant filed interrogatories and requests for production of documents. On February 23, 2000, the plaintiff filed an offer of judgment in the amount of $20,000. On February 24, 2000, the defendant filed a request for an extension of time of sixty days, from the time of the plaintiff's compliance with the defendant's January 26, 2000 discovery requests, within which to respond to the plaintiff's offer of judgment. On April 17, 2000, the defendant filed a motion for nonsuit against the plaintiff for failure to comply with the defendant's discovery requests dated January 26, 2000.
On May 2, 2000, the plaintiff filed a notice of compliance certifying that she complied with the defendant's interrogatories and requests for production.[1] On May 17, 2000, the defendant filed an acceptance of the plaintiff's offer of judgment. On May 22, 2000, the plaintiff filed an objection to the defendant's acceptance of the offer of judgment on the ground that the plaintiff's offer was not accepted within the thirty day period provided for in Practice Book § 17-15[2] and General Statutes § 52-192[3] The timeliness of the acceptance of the offer of judgment is the issue currently before the court. CT Page 2449
 I
"The purpose of General Statutes § 52-192a is to encourage pretrial settlements and, consequently, to conserve judicial resources. . . . [T]he strong public policy favoring the pretrial resolution of disputes . ., is substantially furthered by encouraging defendants to accept reasonable offers of judgment." (Citations omitted; internal quotation marks omitted.) Willow Springs Condominium Assn. Inc. v. Seventh BRTDevelopment Corp., 245 Conn. 1, 55-56, 717 A.2d 77 (1998).
The plaintiff argues that the defendant failed to accept the offer of judgment as required by General Statutes § 52-192a and Practice Book § 17-15. Specifically, the plaintiff claims that the court lacks the authority to extend the defendant's acceptance of the plaintiff's offer past the thirty day period contained in § 52-192a and as such this court must reject the defendant's acceptance. In furtherance of her position, the plaintiff asserts that because the legislature did not grant the court authority to extend the time period set forth therein, §52-192a is mandatory. In contrast, the defendant claims that § 52-192a
is directory thereby vesting the court with discretion to extend the thirty day time limitation. The defendant further maintains that the statute is designed to secure order and to encourage early, fair and reasonable settlements and to encourage plaintiff's to make offers of judgment promptly.
"The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words." (Internal quotation marks omitted.) Doe v. Statewide GrievanceCommittee, 240 Conn. 671, 680-81, 694 A.2d 1218 (1997). "One reliable . ., guide in determining whether a statutory provision is directory or mandatory is whether . ., failure . ., to comply with its provisions results in either a penalty or a requirement . . . [to] seek an extension of time." (Internal quotation marks omitted.) Id., 681-82. "[I]f . . . no language . . . expressly invalidates any action taken after noncompliance with the statutory provisions, the statute should be construed as directory." (Internal quotation marks omitted.) State v. Trahan,45 Conn. App. 722, 731, 697 A.2d 1153 (1997) (traditionally the court looks beyond the use of the word "shall" and examines the statute's essential purpose). Further, when a statute is related to procedure and CT Page 2450 when the "statute contains nothing which expressly invalidates a belated decision or which inferentially makes compliance therewith a condition precedent" that statute is directory and not mandatory. Leo Fedus SonsConstruction Co. v. Zoning Board of Appeals, 225 Conn. 432, 440,623 A.2d 1007 (1993); see also Doe v. Statewide Grievance Committee, supra, 240 Conn. 681 ("definitive words, such as must or shall, ordinarily express legislative mandates of a nondirectory nature. . . . We have noted, however, that the use of the word shall, though significant, does not invariably establish a mandatory duty. . . .") (Citations omitted; internal quotation marks omitted.)
Even though Practice Book § 17-15 contains no express provision for an extension of time, the court is mindful of Practice Book § 1-8
which provides that "the design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." (Internal quotation marks omitted.) Quinn v.Collins, Superior Court, judicial district of Litchfield, Docket No. 042616 (April 18, 1986, Pickett, J.) (1 C.S.C.R. 239).
In addition, there is no negative provision contained in § 52-192a; there is nothing in the statute which would invalidate the defendant's request for extension of time and acceptance of the plaintiff's offer within thirty days is not the essence of § 52-192[4] Based on the foregoing analysis, the court finds that the thirty day time limitation of § 52-192a is directory rather than mandatory. Therefore, the court has the discretion to extend the temporal limitation of § 52-192a and exercises its discretion in favor of doing so. See Ahern v. O'Connell, Superior Court, judicial district of New Haven at New Haven, Docket No. 275664 (December 20, 1988, Corradino, J.) (4 C.S.C.R. 185).
 II
The plaintiff further argues that the defendant's request for a sixty day extension of time was unreasonable and that the defendant did not obtain an extension of the thirty day time limitation or file a motion to extend the date before its expiration. The defendant counters that she adhered to the time limit by filing a request to extend the time. The plaintiff also claims that in filing a request to extend time as opposed to a motion for an extension of time within which to respond to the offer of judgment, the plaintiff is unfairly burdened with the responsibility to object. The court rejects this argument as specious. Whether the defendant filed a request or a motion, the plaintiff had the ability to object or oppose it which the plaintiff utterly failed to do.
Notwithstanding that a statute is directory, when there is a temporal CT Page 2451 violation, as in this case, there must still be an absence of prejudice.Doe v. Statewide Grievance Committee, supra, 240 Conn. 676-77, 679 n. 9; see also Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 243,558 A.2d 986 (1989) (failure to comply with a time requirement is not a jurisdictional defect absent a showing of prejudice). For example, a defendant's delay in accepting an offer of judgment within the time limit required would not prejudice the plaintiff when the plaintiff occasioned the delay because "[i]n the case of a defendant who . ., has filed requests for discovery which are not claimed to be improper or frivolous, and who apparently makes a good faith representation that . ., she does not wish to reject the offer of judgment prior to compliance with discovery, it would "work surprise or injustice' not to grant an extension of time so that the defendant might consider accepting or rejecting an offer of judgment until after the plaintiff has complied with discovery." Ahern v. O'Connell, supra, 4 C.S.C.R. 186. Moreover, "[a] party whose own lack of diligence has contributed to the state of the pleadings may not be heard to insist upon strict compliance." Quinnv. Collins, supra, 1 C.S.C.R. 239.
As in the cited cases, the plaintiff has failed to demonstrate or even convincingly claim that she was prejudiced by the defendant's delay in accepting her offer of judgment. Although the defendant promptly propounded discovery to the plaintiff on January 26, 2000, the plaintiff was dilatory and only responded on May 2, 2000, when prompted by the defendant's motion for nonsuit. Since the defendant's stated purpose in seeking the sixty day extension to respond to the offer of judgment was to be in a position to evaluate the case for settlement in light of the plaintiff's responses to discovery, by inexcusably delaying her responses, the plaintiff was herself largely responsible for the extra time taken by the defendant. The acceptance of the offer of judgment came on May 17, 2000, fifteen days after the plaintiff served her compliance with discovery on May 2, 2000, and was well within the defendant's requested sixty day extension.
 CONCLUSION
In light of the foregoing, it seems plain that invalidating the defendant's acceptance of the plaintiff's offer of judgment would undermine the stated purpose and policy underlying § 52-192a and would reward the plaintiff for unfair and dilatory tactics. The plaintiff's objection to the defendant's acceptance of the offer of judgment is overruled. Judgment is hereby ordered in favor of the plaintiff in the amount of Twenty Thousand ($20,000) Dollars.
Peck, J. CT Page 2452