[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue in this real estate tax appeal is whether the assessor for the town of Groton was authorized, under General Statutes § 12-63c, to impose a ten percent penalty on the plaintiff for his failure to respond to the assessor's request for income and expense statements related to the business conducted on the subject properties.
The plaintiff, William C. Spicer, III, was the owner of an income producing marina consisting of four parcels of land located on Marsh Road in Groton. In the process of preparing the October 1, 1999 grand list, the Groton assessor issued income and expense forms to the plaintiff together with a covering letter instructing the plaintiff to complete and return the forms by June 1, 1999. The forms sent to the plaintiff by the assessor had not been approved by the Connecticut Office of Policy and Management (OPM).
The version of General Statutes § 12-63c in effect as of the October 1, 1999 grand list at issue in this case stated in pertinent part "(a) In determining the present true and actual value in any town of real property used primarily for purposes of producing rental income, the assessor, . . . shall have power to require, . . . in the conduct of any appraisal of such property pursuant to the capitalization of net income method . . . that the owner of such property annually submit or make available to the assessor not later than the first day of June, on a formprescribed by the Secretary of the Office of Policy and Management or approved in accordance with § 12-61, the best available information disclosing the actual rental and rental-related income and operating expenses applicable to such property." (Emphasis added.) Subsection (d) of § 12-63c provides that a property owner "who fails to submit such information or fails to make it available in incomplete or false form with intent to defraud, shall be subject to a penalty assessment equal to a ten per cent increase in the assessed value of such property for such assessment year." CT Page 15410
General Statutes § 12-63c was amended by Public Act 00-215, § 2, which substituted the words "provided by the assessor," for the words "prescribed by the Secretary of the Office of Policy and Management or approved in accordance with section 12-61," in subsection (a). This amendment took effect on June 1, 2000 for assessment years commencing October 1, 2000. Public Acts 2000, No. 00-215, § 11. The earlier version of § 12-63c, containing the words "prescribed by the Secretary of the Office of Policy and Management or approved in accordance with section 12-61," in effect on October 1, 1999, applies in this case.
On April 22, 1999, the assessor sent to the plaintiff and other taxpayers a notice that stated that the enclosed forms were required to be completed pursuant to § 12-63c. The parties agree that, at that time, OPM had not approved the form attached to the letter sent to the plaintiff. The assessor submitted a form to OPM for its approval. This form was rejected by OPM. Subsequently, the assessor submitted a new form to OPM on August 24, 1999, which was approved by OPM. On August 31, 1999, the assessor sent a letter to the taxpayers requiring them to complete and submit to the assessor the OPM-approved income and expense forms no later than October 31, 1999. The plaintiff failed to comply with the assessor's request to complete and return the income and expense form. The assessor imposed a ten per cent penalty in accordance with § 12-63c (4), which the plaintiff has paid. The plaintiff now seeks a refund of this penalty.
The plaintiffs basic claim is that he was not required to submit to the assessor a form that had not been approved by OPM as required by General Statutes (Rev, to 1999) § 12-63c, and, therefore, the assessor could not have imposed the ten per cent penalty on him.
The town argues that the imposition of the ten per cent penalty was proper for two reasons. First, the town argues that the assessor was not required to provide income and expense forms for the taxpayer's use in complying with an assessor's request for information; and. second, any duty on the part of the assessor to provide an OPM-approved form to taxpayers by June 1, was directory, not mandatory.
General Statutes (Rev, to 1999) § 12-63c (a) gives the assessor the power to require a taxpayer owning income producing property to annually submit or make available to the assessor income and expenses for the taxpayer's property. Thus, § 12-63c (a) authorizes an assessor to require the taxpayer to make his or her income and expense figures available to the assessor for the assessor's inspection. This option of the assessor, in the present case, was not used. Section 12-63c (a) also CT Page 15411 authorizes the assessor to provide a form to the taxpayer so that the taxpayer can submit income and expense figures to the assessor. In considering whether the provision of an OPM-approved form under §12-63c (a) is directory or mandatory, "[t]he test to be applied . . . is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . A statutory provision of this type directs what is to be done but does not invalidate any action taken for failure to comply. . . . Furthermore, if there is no language that expressly invalidates any action taken after noncompliance with the statutory provisions, the statute should be construed as directory. (Citations omitted; internal quotation marks omitted.)" Kindl v.Department of Social Services, 69 Conn. App. 563, 568, 795 A.2d 622
(2002), quoting State v. Trahan, 45 Conn. App. 722, 730-31, 697 A.2d 1153, cert. denied, 243 Conn. 924, 701 A.2d 660 (1997).
When we analyze § 12-63c (a), we find no penalty attached to the failure of the assessor to use a form prescribed by OPM. We also see that the essence of the thing to be accomplished, as recited in this section of the statute, is the collection from taxpayers of "the best available information disclosing the actual rental and rental-related income and operating expenses applicable to" income producing properties. General Statutes § 12-63c (a). The form prescribed by OPM appears to be a form of convenience for the assessor. An expression of this convenience exists in the legislature's enactment of Public Act 00-215, which eliminates the need for the assessor to provide a form prescribed by OPM for obtaining income and expense figures for income producing property. Public Act 00-215 did not do away with the requirement for the taxpayer to provide rental income and expense information, but rather, allows the assessor to use any form to assist the assessor in obtaining rental income figures from a taxpayer. Although Public Act 00-215 recites that it is effective for the assessment year of October 1, 2000, we do not find this to be an expression that the use of the form prescribed by OPM in prior assessment years was mandatory. What we do find mandatory in § 12-63c is subsection (d), which provides a penalty for a taxpayer "who fails to submit such information or fails to make it available as required under said subsection (a)."
The June 1 date in § 12-63c (a) is not a restriction upon the assessor, but rather is a deadline for the taxpayer to provide rental income figures to the assessor when so requested. The essence of the thing to be accomplished by § 12-63c is to have the property owner provide rental related income and operating expense figures so that the assessor can determine the fair market value of the property. The taxpayer has no discretion in deciding whether to furnish the assessor with this CT Page 15412 information. The assessor's extension of the time to file income and expense information until October 1, 1999 was discretionary with the assessor and did not negate the obligation of the plaintiff to furnish this information. We consider the June 1 date in § 12-63c to be a direction to the taxpayer, not a restriction on the assessor. The assessor's extension of the date to provide rental income and expense information by October 1, 1999 was beneficial, not injurious, to the plaintiff.
The plaintiffs obligation as a taxpayer was to furnish rental income and operating expenses related to his property to the assessor upon the request of the assessor. The plaintiff cannot decline to furnish such information on the basis that the form used by the assessor was not approved by OPM. This procedure was for the benefit of the assessor, not the taxpayer. Accordingly, we conclude that the assessor properly imposed the ten percent penalty upon the plaintiff for his failure to provide the rental income and operating expenses for his marina.
Judgment may enter in favor of the defendant city of Groton dismissing this appeal without costs to either party.
Arnold W. Aronson Judge Trial Referee CT Page 15413