## STATE OF CONNECTICUT *v.*
## CHRISTOPHER FANNING
## (AC 26763)

DiPentima, McLachlan and McDonald, Js.

Argued March 28—officially released October 17, 2006

*Jennifer L. Bourn*, with whom was *Jon L. Schoenhorn*, for the appellant (defendant).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James R. Turcotte*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

McLACHLAN, J. The defendant, Christopher Fanning, appeals[1] from the trial court's refusal to grant his motion to dismiss the charges against him and the termination of his participation in the accelerated pretrial rehabilitation program. On appeal, the defendant claims that the court improperly concluded that he did not complete the program satisfactorily because it (1) based its decision solely on hearsay information that indicated he had been arrested for an identical offense during his probationary period and (2) did not afford him an adversarial hearing before terminating his participation in the program. We conclude that the court properly refused to grant the motion to dismiss because it reasonably concluded that it could not make a finding that

---

[1] General Statutes § 54-56e (f) authorizes an appeal from the denial of a motion to dismiss the charges against a defendant who has completed such defendant's period of probation or supervision or terminating the participation of a defendant in such program, thus, in effect, overruling the rule in *State* v. *Parker*, 194 Conn. 650, 659, 485 A.2d 139 (1984), that an order terminating a defendant's participation in an accelerated rehabilitation program is not a final appealable judgment.

the defendant satisfactorily completed his period of probation. We also conclude that the court improperly terminated the defendant's accelerated rehabilitation status on the sole basis of his subsequent arrest for an identical offense. Accordingly, we affirm in part and reverse in part the judgment of the trial court.

The relevant facts are undisputed. On May 23, 2003, the defendant was arrested in North Haven and charged with promoting prostitution in the second degree in violation of General Statutes § 53a-87. The defendant applied for admission to the accelerated pretrial rehabilitation program, pursuant to General Statutes § 54-56e, and the court granted his application on June 24, 2003. He was placed on pretrial probation for a period of two years without any special conditions.

At some time during that probationary period, an undated letter from Jane Driscoll, a probation officer with the court support services division, was sent to the office of the state's attorney in Meriden. The letter indicated that the defendant had been arrested in Windsor on November 12, 2003, and charged with the crime of promoting prostitution in the second degree. No action was taken by the state to terminate the defendant's participation in the accelerated pretrial rehabilitation program at that time.

On June 27, 2005, the defendant filed a motion to dismiss the first charge against him, claiming that his two year period of pretrial probation had expired and that he had not been convicted of any subsequent crime during that period. The court held a hearing on the motion to dismiss on July 7, 2005. At that hearing, the state made an oral motion to terminate the defendant's accelerated rehabilitation status due to his arrest in November, 2003. Counsel for the defendant indicated that it was "quite likely" that the second charge would be nolled, and he requested a continuance until the

disposition was determined. The state responded that the defendant already had rejected a plea offer, that the offer had been withdrawn and that the case had been placed on the firm jury list.[2] After being apprised that the second charge was identical to the charge for

[2] The transcript of the hearing on July 7, 2005, reads as follows:

"[Assistant State's Attorney]: Good morning, Your Honor, we have one matter on the firm jury list that was continued one day from yesterday. Christopher Fanning. Christopher Fanning, line one on the firm jury docket.

"[Defense Counsel]: Good morning, Your Honor, Wesley Spears for [the defendant].

"The Court: Counselor.

"[Defense Counsel]: Your Honor, this was an A.R., which was given a two year period of A.R. That two year period has expired. It was called—it was put back on the docket because he was arrested on another case. However, that other case is still pending. No action was taken to terminate the A.R. Therefore, I think the A.R.—this case should be dismissed.

"The Court: I don't think so. There's no successful completion report.

"[Assistant State's Attorney]: The state would move for termination of the A.R. this morning, Your Honor, if it wasn't already done, which it doesn't appear.

"The Court: There was no successful completion of the report. It's not dismissed until such time as it's shown that he has successfully completed.

"[Defense Counsel]: Well, Your Honor, in light of the fact that it's quite likely that the case, where he was arrested on, will be nolled in Enfield, I would ask for a continuance to see if that happens. It's my understanding that that is what's going to happen to the case, and therefore it would seem to me it would be a successful—

"The Court: When is that going to happen?

"[Defense Counsel]: I can't tell you exactly, Your Honor. I can only tell you what his next court date in Enfield is. I don't represent him in that case.

"The Court: State?

"[Assistant State's Attorney]: Your Honor, with all due respect, it looks like an offer was conveyed in July of last year. You know, and that's when it went on the firm jury list. We offered a suspended sentence on August 24; I think that offer was—I'm sorry, December 17, 2004, the offer was rejected, and that's how it got on the firm jury docket. The offer was subsequently withdrawn January 21, 2005. It was placed on firm jury twenty-four hour notice.

"The Court: And what are the substances of the new charges?

"[Defense Counsel]: Similar charges, Your Honor, as I understand it.

"The Court: A.R. is terminated.

"[Assistant State's Attorney]: Promoting prostitution.

"The Court: A.R. is terminated.

"[Defense Counsel]: Yes, Your Honor, may I just note my exception to that?

which the defendant had been placed on pretrial proba-
tion, the court indicated that it was terminating the
defendant's accelerated rehabilitation status. The court
determined that there had been no successful comple-
tion of the program and, on that basis, refused to grant
the defendant's motion to dismiss the charges arising
from his first arrest. This appeal followed.

"General Statutes § 54-56e, establishes a discretion-
ary pretrial diversionary program in certain criminal
cases. It suspends criminal prosecution for a stated
period of time subject to such conditions as the court
shall order. If the defendant satisfactorily completes
the probationary period he may then apply to the court
for dismissal of the charges lodged against him. The
main thrust of the statute is suspension of prosecution.
. . . The only right that the defendant acquires by the
granting of a motion for accelerated rehabilitation is
the right to a dismissal of the underlying criminal charge
if the defendant satisfactorily completes the period of
pretrial probation imposed." (Citation omitted; internal
quotation marks omitted.) *State* v. *Trahan*, 45 Conn.
App. 722, 734, 697 A.2d 1153, cert. denied, 243 Conn.
924, 701 A.2d 660 (1997).

Pursuant to the statute, the court in its discretion
may grant an application for accelerated rehabilitation

"The Court: Your exception is noted for the record.

"[Defense Counsel]: Thank you, Your Honor.

"The Court: All right, you'll be notified—you'll be on the September list,
I believe; the first week following Labor Day, the new jury list is coming
out, and you'll be on that list.

"[Defense Counsel]: Yes, Your Honor.

"The Court: Thank you. The administrative date is December 30.

"[Defense Counsel]: December 30, okay.

"The Court: But the a—it's always subject to twenty-four hours notice.
And I can assure you that anything that didn't—there is a case that started
yesterday, from that list yesterday. And anything that rolled over is going
to September's list.

"[Defense Counsel]: Thank you."

if it believes the accused probably will not offend in the future and if the accused has no previous record of a criminal conviction. "Accelerated rehabilitation is not a right at all. It is a statutory alternative to the traditional course of prosecution available for some defendants and totally dependent upon the trial court's discretion." *State* v. *Satti*, 2 Conn. App. 219, 224, 477 A.2d 144 (1984). In essence, "the legislature has declared [an accused] a worthy candidate for a second chance." *State* v. *Parker*, 194 Conn. 650, 658, 485 A.2d 139 (1984). "The purpose of probation is to afford a period during which a penitent offender may be assisted in rehabilitation. . . . Probation is designed to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large." (Citation omitted; internal quotation marks omitted.) *State* v. *Trahan*, supra, 45 Conn. App. 735.

I

The defendant filed a motion to dismiss the charge against him, claiming that his two year period of pretrial probation had expired and that he had not been convicted of any subsequent crime during that period. Pursuant to § 54-56e, the court is required to dismiss such charge if it finds that the defendant has satisfactorily completed his period of probation. The court was unable to make such a finding. The defendant had been arrested, during his period of probation, and charged with an identical offense. Apparently, a letter from a probation officer with the court support services division was sent to the office of the state's attorney in Meriden, advising the state of the defendant's subsequent arrest.[3] Counsel for the defendant did not dispute

---

[3] The defendant claims that the letter is hearsay. "It is well settled [however] that the strict rules of evidence do not apply to probation proceedings. . . . It is just as well settled that hearsay evidence is admissible in a probation revocation hearing when the evidence is relevant, reliable and probative." (Citations omitted.) *State* v. *Gumbs*, 94 Conn. App. 747, 751, 894 A.2d

that arrest and, in fact, at the hearing on the motion to dismiss, indicated that he thought the charge would be nolled.

The court determined that the outstanding arrest prevented it from making a finding that the defendant had completed his probation satisfactorily. Under those circumstances, the court properly refused to grant the motion to dismiss.

## II

The court then used the fact of the defendant's subsequent arrest as a basis for terminating his accelerated rehabilitation status. We focus on the fact that the only information provided to the court was that the defendant had been arrested. No other documentation or testimony relative to that arrest was submitted. Here, then, the determinative issue is whether the mere arrest of the defendant, without more, is a sufficient ground for the court to terminate his pretrial probationary status. We conclude that it was not and, for that reason, reverse that part of the court's judgment.

In doing so, we preliminarily address and reject the defendant's argument that pretrial probation defendants and postconviction probation defendants enjoy the same rights in termination proceedings. Citing the postconviction cases, *State* v. *Deptula*, 34 Conn. App. 1, 639 A.2d 1049 (1994), and *State* v. *Egan*, 9 Conn. App. 59, 514 A.2d 394, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986), the defendant claims that the underlying charge must be dismissed because the state failed to initiate termination proceedings within his two year probationary period. We disagree.

Pretrial probation and postconviction probation differ significantly in two respects. First, postconviction

396, cert. denied, 278 Conn. 917, 899 A.2d 622 (2006). Here, because the defendant acknowledged the arrest, there can be no claim of error.

probation is part of a convicted defendant's sentence, whereas pretrial accelerated rehabilitation probation suspends criminal prosecution for a stated period of time subject to such conditions as ordered by the court. *State* v. *Trahan*, supra, 45 Conn. App. 734. When a court revokes a defendant's postconviction probation, that defendant faces incarceration. Because the defendant is being deprived of a liberty right, the due process clause of the fourteenth amendment imposes certain procedural and substantive limits. *State* v. *Deptula*, supra, 34 Conn. App. 8. A defendant in the accelerated rehabilitation program, however, has been granted "a second chance" at the discretion of the trial court. If that defendant fails to complete the program satisfactorily, the suspension of the criminal prosecution may be terminated and he or she faces a trial with all of its attendant constitutional guarantees.

Second, the statutes governing the termination of pretrial probation and postconviction probation are not the same and contain significantly different provisions. General Statutes § 53a-32 sets forth the procedures for revoking postconviction probation for a defendant's violation of any of the conditions of his or her probation. That statute specifically provides that any warrant for the arrest of the defendant for a violation of the conditions of probation is to be issued "during the period of probation . . . ." General Statutes § 53a-32 (a). Upon the arrest, "the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. . . ." General Statutes § 53a-32 (a). If the violation is established, the court, as one of its options, may revoke the defendant's probation and require the defendant to serve the sentence imposed or the court may impose any lesser sentence. "No such revocation shall be ordered, except upon consideration of the whole record and unless such violation

is established by the introduction of reliable and probative evidence and by a preponderance of the evidence." General Statutes § 53a-32 (b). In interpreting that statute, this court has determined that a defendant must be served personally with a notice to appear or issued a warrant for his arrest for violation of the conditions of probation *during* the period of probation. If that procedure is not followed, any resulting revocation is invalid. The probation expires at the end of that period. *State* v. *Egan*, supra, 9 Conn. App. 71–73. "Once a sentence has been fully served, it may not be increased." Id., 73.

The provisions of § 54-56e govern admittance to, participation in and termination from the accelerated pretrial rehabilitation program. Unlike § 53a-32, there is no requirement that termination proceedings be initiated during the period of probation or that a hearing be scheduled on the violation charges. Significantly, in order to have the underlying charge dismissed, subsection (f) of § 54-56e provides that the court must make a finding that there has been a "satisfactory completion" of the defendant's period of probation: "If a defendant released to the custody of the Court Support Services Division satisfactorily completes such defendant's period of probation, such defendant may apply for dismissal of the charges against such defendant and the court, on finding such satisfactory completion, shall dismiss such charges. If the defendant does not apply for dismissal of the charges against such defendant after satisfactorily completing such defendant's period of probation, the court, upon receipt of a report submitted by the Court Support Services Division that the defendant satisfactorily completed such defendant's period of probation, may on its own motion make a finding of such satisfactory completion and dismiss such charges. . . ." General Statutes § 54-56e (f).

Accelerated rehabilitation probation is unlike a sentence that simply expires at the end of the designated period. The court must act affirmatively by making a finding of satisfactory completion of the program in order to dismiss the charges against the defendant. Accordingly, the defendant's claim that the underlying charge must be dismissed because the state failed to initiate proceedings to terminate his accelerated rehabilitation status within his two year period of probation must fail.

We do agree, however, with the defendant's claim that his arrest during the probationary period, without more, is insufficient to terminate his participation in the program. Although we recognize that we are not bound by *State* v. *Barnes*, 37 Conn. Sup. 853, 439 A.2d 456 (1981), we find it persuasive. In *Barnes*, the defendant had been arrested and charged with conspiracy to commit larceny in the fourth degree. The defendant's application for accelerated rehabilitation was granted by the court, and a probation period of one year was imposed. During that period, the defendant again was arrested and charged with larceny in the fourth degree. At a hearing held to determine whether the defendant had completed his probationary period successfully, the defendant's probation officer testified, and a probation report was admitted into evidence noting the subsequent arrest. At the time of the hearing, the defendant had not been convicted of any criminal offense, and there was no claim that he had violated any specific conditions of his probation. The trial court rescinded the defendant's accelerated rehabilitation status for failure to complete his term of probation successfully under the program. Id., 853–54.

The defendant appealed from that decision to the Appellate Session of the Superior Court, claiming that mere proof of his arrest on an undisposed charge was not sufficient to revoke his participation in the program.

In its opinion, the court first noted that § 54-56e contains no guidelines by which to determine what constitutes a satisfactory completion of probation. Id., 855–57. The court concluded that the general conditions of probation set forth in General Statutes § 53a-30 (a) apply with equal force to both pretrial and postconviction probation. Id., 857 n.3. This court has cited *Barnes* with approval as to that conclusion and has held that "[w]hile the trial court may impose additional conditions of probation . . . the defendant must comply with the general conditions of probation as set out in . . . § 53a-30." *State* v. *Trahan*, supra, 45 Conn. App. 734–35.

In *Barnes*, as in the present case, only subdivision (7) of § 53a-30 (a) is relevant. That subdivision requires a defendant on probation to "refrain from violating any criminal law of the United States, this state or any other state . . . ." General Statutes § 53a-30 (a) (7). Accordingly, "the pivotal issue . . . is whether mere arrest on undisposed charges provides a sufficient base from which to conclude that the defendant violated a criminal law." *State* v. *Barnes*, supra, 37 Conn. Sup. 858. In making such a determination, the court in *Barnes* noted, and we agree, that even though the evidence of the defendant's arrest was hearsay, it nevertheless was admissible. "Because hearings of this nature are not full adversary proceedings and tend to be less formal, strict rules of evidence do not apply. . . . Thus, hearsay evidence which is both supported and reliable is fully admissible and available to the court when rendering its decision. . . . Moreover, where . . . as here, the content of the hearsay testimony was admitted without objection, it became and remains evidence in the case, subject, of course, to any infirmative suggestions due to its inherent weakness." (Citations omitted; internal quotation marks omitted.) Id. Nevertheless, the court in *Barnes* concluded that the mere arrest of the defendant, without more, is an insufficient ground for

revoking the defendant's eligibility for the dismissal of charges pursuant to the accelerated rehabilitation program. We agree and adopt that court's well reasoned decision.

Here, the defendant was arrested and charged with promoting prostitution in the second degree during his period of probation. That case was still pending at the time the court terminated the defendant's accelerated rehabilitation status. The basis for that termination was the undisposed charge. Other than the fact that the defendant had been arrested and charged with a crime identical to the underlying charge for which he sought dismissal, the court had no evidence or information before it concerning the second arrest and charge. On the facts of this case,[4] we conclude that the fact of an arrest, without more, was an insufficient basis for the court to determine by a fair preponderance of the evidence that the defendant had "violat[ed] any criminal law"; General Statutes § 53a-30 (a) (7); in order to terminate the probation.[5]

---

[4] Although the dissent properly states that the defendant "did not dispute his arrest, probable cause for that arrest or challenge the state's allegation regarding the offense," in this case, the state filed no motion to terminate the defendant's accelerated rehabilitation status, but merely orally moved to do so at the hearing on the defendant's motion to dismiss the case. Although the transcript of the July 7, 2005 hearing is ambiguous as to whether the plea discussion refers to this case or the case pending in Enfield, there is nothing in the record to show any court action terminating the accelerated rehabilitation. It would be unlikely that the state would move to terminate the accelerated rehabilitation on July 7 if it had already done so. Thus, on the facts in this case, it is not clear that the defendant had any notice that the state intended to oppose his motion to dismiss or would seek to terminate his pretrial probation.

[5] The state argues, and we agree, that due process does not, in every case require a full evidentiary hearing. "What process is constitutionally due cannot be divorced from the nature of the ultimate decision that is being made." *Parham* v. *J. R.*, 442 U.S. 584, 608, 99 S. Ct. 2493, 61 L. Ed. 2d 101 (1979). Here, if the defendant's participation in the pretrial accelerated rehabilitation program is terminated, he will be entitled to the full panoply of rights due an accused criminal defendant. We merely hold that the fact of an arrest alone is not sufficient evidence that the defendant failed to

The judgment is reversed only as to the termination of the defendant's participation in the accelerated rehabilitation program. The judgment is affirmed in all other respects.[6]

In this opinion DiPENTIMA, J., concurred.

MCDONALD, J., concurring in part and dissenting in part. While I agree with the majority's well reasoned opinion as to part I, I respectfully dissent as to part II.

I agree with the majority that the defendant, Christopher Fanning, does not have the same rights as one accused of violating the conditions of postconviction probation, but I find it unnecessary to decide if the defendant's arrest without more is insufficient to terminate his participation in the accelerated pretrial rehabilitation program. See General Statutes § 54-56e. The majority cites *State* v. *Stevens*, 278 Conn. 1, 895 A.2d 771 (2006), as supporting this proposition. In *Stevens*, however, our Supreme Court noted in upholding an enhanced sentence that the trial court had found probable cause to support the defendant's arrest and that the defendant did not dispute the fact that she had been arrested, she did not dispute that there was probable cause for her arrest, nor did the record reflect that she had challenged the veracity of the state's allegations regarding her criminal behavior. Id., 12.

---

"refrain from violating [a] criminal law . . . ." General Statutes § 53a-30 (a) (7).

[6] Our Supreme Court recently decided *State* v. *Stevens*, 278 Conn. 1, 895 A.2d 771 (2006), which is consistent with our decision in this case. We also are aware that the Supreme Court has granted certification to appeal in *State* v. *Durant*, 94 Conn. App. 219, 892 A.2d 302, cert. granted, 278 Conn. 906, 897 A.2d 100 (2006), on the issue of "[w]hether a defendant may be found in violation of probation when the only claim alleged regarding violation of probation is that the defendant committed a crime and the defendant has been acquitted of that crime?" Because the present case concerns accelerated rehabilitation probation and not postconviction probation, the holding in that case is not applicable here.

In this case, while he was a participant in the accelerated rehabilitation program, the defendant was arrested in Windsor on November 12, 2003, and those charges were still pending as of June, 2005, not having been dismissed or nolled. The defendant also did not dispute his arrest, probable cause for that arrest or challenge the state's allegation regarding the offense.

When the defendant's accelerated rehabilitation status was terminated, defense counsel only took exception and did not request a hearing. Justice Norcott, in his concurrence in *Stevens*, after concluding that the rule of the United States Court of Appeals for the Second Circuit in *Torres* v. *Berbary*, 340 F.3d 63 (2d Cir. 2003) (requiring state to establish conditions for enhancing plea bargained sentence by preponderance of evidence), was not met, noted that the *Stevens* defendant, as in this case, did not contest the factual basis for the arrest. *State* v. *Stevens*, supra, 278 Conn. 28 (*Norcott, J.*, concurring).[1]

I would conclude that requiring this defendant to face trial for promoting prostitution because of his subsequent arrest on the same charge while on pretrial probation, in the circumstances, was proper.

---

[1] In footnote 1 of the majority opinion and in the majority opinion itself, the majority, on the issue of notice, states that no action was taken until July, 2005, to terminate the defendant's accelerated rehabilitation status. The record in this case reveals that while he was on accelerated rehabilitation, the defendant entered a plea of not guilty on September 22, 2004, and the prosecutor in this case indicated, without dispute, that a plea bargain was offered on December 17, 2004, and rejected and withdrawn on January 21, 2005. The case was then placed on the firm jury trial list. The record also reflects that on June 27, 2005, the defendant filed a motion to dismiss the charge under the accelerated pretrial rehabilitation program. Under these circumstances, I would conclude, to the contrary, that the defendant had prior notice that the state would move to terminate accelerated rehabilitation.