STATE OF CONNECTICUT *v.* LOUISE CALLAHAN
(AC 28609)

DiPentima, Lavine and Peters, Js.

---

606

Argued April 17—officially released June 24, 2008

*William B. Westcott,* for the appellant (defendant).

*Richard K. Greenalch, Jr.,* special deputy assistant state's attorney, with whom, on the brief, were *David I. Cohen,* state's attorney, and *Robert G. Hall, Jr.,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PETERS, J. General Statutes § 54-56e[1] establishes a discretionary accelerated rehabilitation program for certain criminal cases that permits the suspension of criminal prosecution for a stated period of time subject to such conditions as the court may order. *State* v. *Spendolini*, 189 Conn. 92, 95, 454 A.2d 720 (1983); *State* v. *Trahan*, 45 Conn. App. 722, 734, 697 A.2d 1153, cert. denied, 243 Conn. 924, 701 A.2d 660 (1997). Compliance

---

[1] General Statutes § 54-56e provides in relevant part: "(a) There shall be a pretrial program for accelerated rehabilitation of persons accused of a crime or crimes or a motor vehicle violation or violations for which a sentence to a term of imprisonment may be imposed, which crimes or violations are not of a serious nature.

"(b) The court may, in its discretion, invoke such program on motion of the defendant or on motion of a state's attorney or prosecuting attorney with respect to a defendant (1) who, the court believes, will probably not offend in the future, (2) who has no previous record of conviction of a crime or of a violation of section 14-196, subsection (c) of section 14-215, section 14-222a, subsection (a) of section 14-224 or section 14-227a, (3) who has not been adjudged a youthful offender within the preceding five years under the provisions of sections 54-76b to 54-76n, inclusive, and (4) who states under oath, in open court or before any person designated by the clerk and duly authorized to administer oaths, under the penalties of perjury that the defendant has never had such program invoked in the defendant's behalf, provided the defendant shall agree thereto and provided notice has been given by the defendant, on a form approved by rule of court, to the victim or victims of such crime or motor vehicle violation, if any, by registered or certified mail and such victim or victims have an opportunity to be heard thereon. . . .

"(d) Except as provided in subsection (e) of this section, any defendant who enters such program shall pay to the court a participation fee of one hundred dollars. Any defendant who enters such program shall agree to the tolling of any statute of limitations with respect to such crime and to a waiver of the right to a speedy trial. Any such defendant shall appear in court and shall, under such conditions as the court shall order, be released to the custody of the Court Support Services Division . . . . If the defendant refuses to accept, or, having accepted, violates such conditions, the defendant's case shall be brought to trial. . . .

"(f) . . . An order of the court denying a motion to dismiss the charges against a defendant who has completed such defendant's period of probation or supervision or terminating the participation of a defendant in such program shall be a final judgment for purposes of appeal."

with the stipulated conditions for the requisite period of time permits a defendant to apply to the court for dismissal of the applicable criminal charges. *State* v. *Parker*, 194 Conn. 650, 658, 485 A.2d 139 (1984). Failure to comply may, however, result in termination of the defendant's participation in this discretionary program. In this case, the trial court terminated the defendant's participation because the court found that the defendant had not complied with the court's order to send a genuine letter of apology to a person whom the defendant had accused of harassment. The defendant has appealed. We affirm the judgment of the trial court.

The defendant, Louise Callahan, applied for participation in the accelerated rehabilitation program after having been arraigned on the charge of having made a false statement in the second degree in violation of General Statutes § 53a-157b.[2] This charge arose from a complaint made by the defendant to Officer Tyrone Boyd of the Norwalk police department on September 12, 2005, in which the defendant alleged that, earlier that day, while she was driving on a local street, another driver, identified by the defendant as Barbara Murawski, had tried to force her off the road. On the following day, the defendant filed a formal complaint including a sworn statement alleging that Murawski had harassed her family for many years. Upon further investigation, Boyd determined that there was probable cause to believe that the defendant had provided a false statement regarding the incident on the road.

The trial court held a dispositional hearing to consider whether to admit the defendant to the accelerated

[2] General Statutes § 53a-157b provides: "(a) A person is guilty of false statement in the second degree when he intentionally makes a false written statement under oath or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable, which he does not believe to be true and which statement is intended to mislead a public servant in the performance of his official function.

"(b) False statement in the second degree is a class A misdemeanor."

rehabilitation program.[3] Pursuant to § 54-56e (b), the court afforded Murawski an opportunity to be heard. Although Murawski described a protracted pattern of unfortunate encounters between her family and that of the defendant, she agreed that the defendant should be permitted to enter the accelerated rehabilitation program.

The state also agreed that the defendant was eligible for participation in the program but suggested to the court that, as a condition of her rehabilitation, the defendant be ordered to issue an apology to Murawski. Because of pending civil litigation with Murawski, the defendant expressed her reluctance to accede to a court-ordered apology.[4] The court decided, nonetheless, that it would not permit the defendant to participate in the program unless the defendant agreed to apologize. After consultation with counsel, the defendant acquiesced in the court's order for an apology, for the posting of certain letters of retraction with respect to another dispute between the defendant and Murawski and for compliance with a no contact order. The court then granted the application for accelerated rehabilitation and released the defendant to the custody of the court support services division.

Three months later, the trial court heard further argument occasioned by Murawski's expressed concern to the defendant's probation officer that the defendant had failed to fulfill the conditions of her rehabilitation.[5]

---

[3] Before ruling on the merits of the defendant's application, the court gave the defendant the opportunity to submit a psychological evaluation. The defendant submitted a detailed psychological report, and, as an additional condition of her accelerated rehabilitation, the court ordered the defendant to continue with any recommended treatment.

[4] The record indicates that the litigation to which the defendant was referring was initiated by the defendant.

[5] There also was a disagreement between the defendant and Murawski about the sufficiency of the letters of retraction ordered by the trial court at the same time that it ordered the defendant to send a letter of apology. The court terminated the defendant's participation in the accelerated rehabilitation program without addressing the merits of this disagreement.

The probation officer submitted to the court the defendant's purported letter of apology, which stated: "Mr. & Mrs. J. Murawski: I apologize if you felt that the statements set forth on lines 28, 29, on page two of a correspondence dated October 31, 2005 from Attorney Dave Rubin to Attorney John Cohane, caused unhappiness. Louise Callahan."

After examining this document, the trial court informed the defendant that it had "major issues" with this document as a letter of apology. The court observed: "[It is] one sentence and it says, 'I apologize if you felt that it caused unhappiness.' It's not apologizing for her actions. . . . Where's the apology for her actions?" In response, defense counsel argued that the letter indeed had complied with the court's order, asserting: "I don't think that, respectfully, the court or anyone else is in a position to say that's not an apology. It certainly is what it purports to be." The trial court disagreed, found the letter to be an "insincere apology" that "in no way meets the conditions of her release" and terminated the defendant's participation in the accelerated rehabilitation program.

The defendant has appealed. Although at trial she acquiesced in the order for an apology and although she now acknowledges, in her appellate brief, that the court had the authority, as a general matter, to require her to make an apology, she nonetheless maintains that, under the circumstances of this case, the termination order was an abuse of the court's discretion. She argues that (1) the court's order violated her constitutional right against self-incrimination due to the pendency of the underlying criminal proceedings; (2) the court's order was inconsistent with the principle that participation in the program does not constitute an acknowledgement of guilt; (3) the court had no authority to decide whether a letter purporting to be an apology was in fact an apology; and (4) the court's order was prejudicial

to unresolved issues in pending civil litigation between the defendant and Murawski of which the court had been apprised.

As a preliminary matter, we set forth the applicable standard of review. "Our review of the trial court's exercise of its discretion is limited to the questions of whether the court correctly applied the law and whether it could reasonably conclude as it did. See *Timm* v. *Timm*, 195 Conn. 202, 210, 487 A.2d 191 (1985). It is only where an abuse of discretion is manifest or where an injustice appears to have been done that a reversal will result from the trial court's exercise of discretion. *Russell* v. *Dean Witter Reynolds, Inc.*, 200 Conn. 172, 192, 510 A.2d 972 (1986); *State* v. *Devanney*, 12 Conn. App. 288, 292, 530 A.2d 650 (1987). Every reasonable presumption will be given in favor of the trial court's ruling. *State* v. *Rodriguez*, 10 Conn. App. 176, 179, 522 A.2d 299 (1987)." *State* v. *Angelo*, 25 Conn. App. 235, 241, 594 A.2d 24, cert. denied, 220 Conn. 911, 597 A.2d 335 (1991); cf. *State* v. *Fanning*, 98 Conn. App. 111, 122, 908 A.2d 573 (2006), cert. denied, 281 Conn. 904, 916 A.2d 46 (2007). "The trial court's findings of fact are entitled to great deference and will be overturned only upon a showing that they were clearly erroneous." *State* v. *Bletsch*, 281 Conn. 5, 19, 912 A.2d 992 (2007).

On the record in this case, the defendant's first two arguments require little discussion. Having conceded that the court had the authority to order an apology and having acquiesced in its issuance, the defendant has waived any right against self-incrimination with respect to the apology. She properly does not suggest that the court's order is subject to review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). It similarly is too late in the day now to claim an improper inconsistency between the court's order and an acknowledgement of guilt.

The defendant's claim that the court had no authority to decide whether a letter purporting to be an apology was in fact an apology stands on a different footing, but it too is unpersuasive. On its face, the argument seems to be that the court was bound to find acceptable as an apology any document using any form of the word "apology," no matter how hedged by accompanying verbiage. On that theory, even an apology accompanied by a repetition of the offensive accusation would have sufficed. That cannot be correct. A more reasonable argument is that the court's determination was a finding of fact that, in the defendant's view, was clearly erroneous. Even that contention, however, cannot be sustained. The letter stated: "I apologize if you felt that the statements [in designated correspondence] caused unhappiness." At best, it communicated some acknowledgement by the defendant of the possibility that Murawski's feelings might have been hurt, but it contained no expression of regret on the part of the defendant for her own actions. We are persuaded, therefore, that the trial court's finding that the apology was insincere was not clearly erroneous. Cf. *Higgins* v. *Liston*, 88 Conn. App. 599, 614, 870 A.2d 1137 (upholding finding of criminal contempt of court because defendant's apology insincere), cert. denied, 276 Conn. 911, 886 A.2d 425 (2005), cert. denied, 546 U.S. 1220, 126 S. Ct. 1444, 164 L. Ed. 2d 143 (2006).

The defendant contends, however, in her final claim on appeal, that the court's appraisal of the sufficiency of her letter of apology was too narrowly focused on the wording of the apology because it failed to take into account the fact of ongoing civil litigation between the defendant and Murawski. The defendant informed the court of the existence of this litigation at the outset, when she urged the court not to order her to send a letter of apology. In effect, the defendant appears to argue that the existence of litigation that she herself

had initiated was a special circumstance that required the court, in the exercise of its discretion, either to refrain from ordering an apology or to take this litigation into account in assessing the defendant's compliance with the court's order. We disagree.

As this court recently has observed: "Accelerated rehabilitation is not a right at all. It is a statutory alternative to the traditional course of prosecution available for some defendants and totally dependent upon the trial court's discretion. . . . In essence, the legislature has declared [an accused] a worthy candidate for a second chance. . . . The purpose of probation is to afford a period during which a penitent offender may be assisted in rehabilitation." (Citations omitted; internal quotation marks omitted.) *State* v. *Fanning*, supra, 98 Conn. App. 116. The defendant has cited no authority for the proposition that the accelerated rehabilitation program gives criminal defendants the authority to frame the conditions with which they are prepared to comply in order to demonstrate their rehabilitation. To the contrary, the law is clear that the only choice that the statute gives such defendants is to accept and to abide by the conditions set by the court, or to reject the conditions and to face further criminal prosecution. General Statutes § 54-56e (d).

The judgment is affirmed.

In this opinion the other judges concurred.