STATE OF CONNECTICUT *v.* RICHARD H. BUEHLER
(AC 28911)

Bishop, Beach and Mihalakos, Js.

Argued September 8—officially released October 14, 2008

*Roy S. Ward,* for the appellant (defendant).

*Denise B. Smoker,* senior assistant state's attorney, with whom, on the brief, were *David I. Cohen,* state's attorney, and *Nancy Dolinsky,* senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Richard H. Buehler, appeals from the judgment of the trial court, terminating his participation in the accelerated pretrial rehabilitation program on the basis of his arrest on subsequent charges. We reverse the judgment of the trial court.

On April 14, 2006, the defendant was arrested and charged with risk of injury to a child in violation of General Statutes § 53-21 and disorderly conduct in violation of General Statutes § 53a-182. The defendant applied for admission to the accelerated pretrial rehabilitation program pursuant to General Statutes § 54-56e, and the court granted his application on June 29, 2006. He was placed on pretrial probation for a period of one year with special conditions, including that he refrain from any threats or violence against his wife.

On December 26, 2006, the defendant was arrested and charged with violating a protective order in violation of General Statutes § 53a-223 and breach of the peace in the second degree in violation of General Statutes § 53a-181. The state consequently sought to revoke the defendant's accelerated rehabilitation because he had violated the condition that he refrain from any threats or violence against his wife. On May 31, 2007, the court terminated the defendant's participation in the accelerated rehabilitation program and returned the case to the trial docket.

In seeking a termination of the defendant's accelerated rehabilitation status, the state made a representation to the court that the defendant had been arrested

for threatening and assaulting his wife. Both parties agree, as does this court, that the mere arrest of the defendant, without more, was not a sufficient ground to terminate the defendant's accelerated rehabilitation. See *State* v. *Fanning*, 98 Conn. App. 111, 908 A.2d 573 (2006), cert. denied, 281 Conn. 904, 916 A.2d 46 (2007).

The judgment is reversed and the case is remanded for further proceedings according to law.