******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JERZY G.*
(AC 36586)

Elgo, Bright and Beach, Js.

*Syllabus*

The defendant, a Polish national who had been charged with sexual assault in the fourth degree and had been granted permission to participate in the statutory (§ 54-56e) pretrial diversionary program of accelerated rehabilitation, appealed to this court after the trial court terminated the order of accelerated rehabilitation and denied his motion to dismiss the charge against him. At the hearing on the application for the accelerated rehabilitation program, the state brought to the trial court's attention that it had received information from United States Immigration and Customs Enforcement that the defendant had overstayed his visa. The court did not reference the defendant's immigration status when it granted the defendant's application for accelerated rehabilitation in April, 2012, imposed a two year period of supervision with certain conditions, which included mental health and substance abuse evaluation and treatment, and released the defendant from custody. The defendant was deported to Poland in August, 2012, and was prohibited from entering the United States for a period of ten years from his departure date. In November, 2013, after the defendant's deportation was brought to the trial court's attention, it denied the defendant's motion to dismiss the sexual assault charge and terminated his participation in the accelerated rehabilitation program. Subsequently, the defendant appealed to this court, which dismissed the appeal as moot, and the defendant, on the granting of certification, appealed to our Supreme Court, which reversed this court's judgment and remanded the case to this court to consider the merits of his appeal. On remand, *held*:

1. The trial court did not abuse its discretion in finding that the defendant had not successfully completed probation and, thus, properly denied his motion to dismiss the criminal charge; a defendant who has been granted accelerated rehabilitation is entitled to a dismissal of the criminal charges against him only if the trial court properly finds that he has satisfactorily completed his period of probation, and there was nothing in the record to suggest that the defendant had successfully completed his probation or that he even was evaluated for substance abuse or mental health treatment.

2. The trial court did not abuse its discretion in terminating the defendant's probation; the record did not show that the issue was properly preserved, as there was no specific objection to the trial court's order terminating probation, and the defendant, instead, appeared largely focused on having his criminal case terminated, and even if the issue was preserved properly, there was nothing in the record to suggest that the trial court's termination of probation was unreasonable, as the defendant was in Poland during the November, 2013 hearing and remained in Poland at the time that the original two year period of probation expired, there was no evidence in the record tending to show the possibility of successful completion had probation not been terminated, and the court expressly stated that it would consider any evidence of the defendant's compliance with the conditions of participation in the accelerated rehabilitation program that might be offered and that it anticipated the possibility of the reinstatement of probation, which would have vitiated any fear of injustice or the harm emanating from it.

Argued January 18—officially released July 31, 2018

*Procedural History*

Information charging the defendant with the crime of sexual assault in the fourth degree, brought to the Superior Court in the judicial district of Fairfield, where the court, *Iannotti, J.*, granted the defendant's application for accelerated rehabilitation; thereafter, the court,

*Arnold, J.*, denied the defendant's motion to dismiss and terminated the order of accelerated rehabilitation, and the defendant appealed to this court, which dismissed the appeal; subsequently, the defendant, on the granting of certification, appealed to our Supreme Court, which reversed this court's judgment and remanded the case to this court for further proceedings. *Affirmed; further proceedings.*

*Kelly Billings*, assistant public defender, with whom was *James B. Streeto*, senior assistant public defender, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, *Marc R. Durso*, senior assistant state's attorney, and *Tiffany M. Lockshier*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BEACH, J. This case returns to us on remand from our Supreme Court with direction to consider the merits of the appeal of the deported defendant, Jerzy G. He challenges the trial court's rulings terminating his participation in the accelerated rehabilitation program and declining to dismiss the criminal charge against him. This court previously dismissed the appeal as moot under *State* v. *Aquino*, 279 Conn. 293, 901 A.2d 1194 (2006). *State* v. *Jerzy G.*, 162 Conn. App. 156, 130 A.3d 303 (2015), rev'd, 326 Conn. 206, 162 A.3d 692 (2017). Holding that *Aquino* does not control the present case, our Supreme Court reversed this court's judgment and remanded the case to this court for further proceedings. *State* v. *Jerzy G.*, 326 Conn. 206, 208–209, 226, 162 A.3d 692 (2017). The parties then filed supplemental briefs. We affirm the trial court's orders declining to dismiss the charge and terminating of probation.

Our Supreme Court recited the following history. "The record reveals the following undisputed facts [and procedural history]. The defendant is a citizen of Poland. In April, 2006, he entered the United States on a nonimmigrant B-2 visitor's visa, which authorized him to remain in this country for a period not to exceed six months. Approximately six years later, in January, 2012, the defendant was charged with one count of sexual assault in the fourth degree, a class A misdemeanor, in violation of General Statutes § 53a-73a (a) (2). The defendant filed an application for the pretrial diversionary program of accelerated rehabilitation, which vests the court with discretion to suspend criminal prosecution for certain offenses and to release the defendant to the custody of the Court Support Services Division for a specified period, subject to conditions the court deems appropriate. See General Statutes § 54-56e (a), (b) and (d). Upon successful completion of the program for the specified period, the defendant would be entitled to dismissal of the charge. See General Statutes § 54-56e (f). The state opposed the application.

"At an April, 2012 hearing on the application, the state brought information to the court's attention that it had received from United States Immigration and Customs Enforcement (ICE) regarding the defendant's immigration status. ICE informed the state that the defendant had overstayed his visa. ICE indicated that it would commence removal proceedings if the defendant was convicted of the charge, but was uncertain about what would happen if he was not convicted. The state also informed the court that the complainant, an acquaintance of the defendant, had reported that the defendant has a wife and children who are living in Poland.

"Following argument, the trial court, *Iannotti, J.*, granted the defendant's application for accelerated

rehabilitation and made no reference to the defendant's immigration status. The court made the requisite statutory findings that the offense was not serious and that the defendant was not likely to reoffend. See General Statutes § 54-56e (a) and (b). The court imposed the maximum statutory period of supervision, two years, and the following conditions: no contact with the complainant; mental health evaluation and treatment as deemed necessary; substance abuse (alcohol) evaluation and treatment as deemed necessary; and seek and maintain full-time employment. The court continued the case until April, 2014, when the two year period of probation would terminate upon successful completion of the program. Thereafter, the defendant was released from custody.

"Between May and August, 2012, ICE took steps to remove the defendant from the United States. In May, the defendant was taken into custody by ICE after he was served with a notice to appear. The notice stated that he was subject to removal because he had remained in the United States for a period longer than permitted, without authorization. In June, a United States Immigration Court ordered his removal from the United States. Following that order, the United States Department of Homeland Security issued a notice to the defendant, warning him that he was prohibited from entering the United States for a period of ten years from his departure date because he had been found deportable under § 237 of the Immigration and Nationality Act; 8 U.S.C. § 1227 (2012); and ordered him removed from the United States. In August, 2012, the defendant was deported to Poland.

"In November, 2013, the defendant's deportation was brought to the trial court's attention. Upon the request of the Department of Adult Probation, the court, *Arnold, J.*, advanced the date for a determination [of] whether the defendant had successfully completed the terms of his accelerated rehabilitation from April, 2014, to November, 2013. At the hearing, the state sought termination of the program and requested an order for the defendant's rearrest. The defendant's public defender asked the court either to continue the case to allow further investigation or to find that the defendant had successfully completed the program and dismiss the criminal charge. Ultimately, following additional hearings, the court found that the defendant had failed to successfully complete the program, ordered his rearrest, and imposed as a condition of his release that he post a $5000 cash or surety bond.

"The court explained its decision in a subsequent memorandum of decision, couching its reasoning in both jurisdictional and substantive terms. It noted that the state had informed the court that the basis for the defendant's deportation was that he had overstayed his visa's term. It thus found that the defendant voluntarily

had placed himself in jeopardy for deportation and was aware of this possibility when accelerated rehabilitation was ordered for the two year period. It found that the defendant had offered no proof that his deportation was solely a consequence of either his arrest, the pendency of the criminal charge, or his entrance into the accelerated rehabilitation program. The court further noted that the defendant had not offered any proof of compliance with the conditions of participation in that program. The trial court cited [our Supreme Court's] decision in *Aquino* and concluded: 'The immigration consequences of the defendant are collateral and beyond the control of [the] court. The court found that the defendant was unsuccessful in his completion of the . . . program and has terminated his participation in said program.' . . .

"[This court] did not reach the merits of [the defendant's] claims, concluding that the appeal should be dismissed as moot. . . . The court cited *Aquino* and its Appellate Court progeny as prescribing a rule under which the court cannot grant practical relief unless there is evidence that the challenged decision is the exclusive basis for the deportation. . . . The defendant's certified appeal to [our Supreme Court] followed." (Citations omitted.) *State* v. *Jerzy G.*, supra, 326 Conn. 209–12.

On appeal, our Supreme Court narrowed its holding in *Aquino* and concluded that *Aquino* did not apply to the present case. Rather, the mootness issue was properly determined by application of the "traditional collateral consequences standard," as articulated in *State* v. *McElveen*, 261 Conn. 198, 802 A.2d 74 (2002), and *Housing Authority* v. *Lamothe*, 225 Conn. 757, 627 A.2d 367 (1993). *State* v. *Jerzy G.*, supra, 326 Conn. 213–26. Applying that standard, our Supreme Court held that the defendant's appeal was not moot and remanded to this court to consider the merits of his appeal. Id., 226.

In doing so, we first set out our standards of review. To the extent that we are called upon to interpret the provisions of § 54-56e, our review is plenary. See *State* v. *Kevalis*, 313 Conn. 590, 599, 99 A.3d 196 (2014). We review the court's rulings regarding a defendant's participation in the accelerated rehabilitation program for an abuse of discretion. See *State* v. *Callahan*, 108 Conn. App. 605, 611, 949 A.2d 513, cert. denied, 289 Conn. 916, 957 A.2d 879 (2008). "Our review of the trial court's exercise of its discretion is limited to the questions of whether the court correctly applied the law and whether it could reasonably conclude as it did. . . . It is only where an abuse of discretion is manifest or where an injustice appears to have been done that a reversal will result from the trial court's exercise of discretion. . . . Every reasonable presumption will be given in favor of the trial court's ruling. . . . The trial court's findings of fact [underlying a termination] are entitled to great

deference and will be overturned only upon a showing that they were clearly erroneous." (Citations omitted; internal quotation marks omitted.) Id.

"[Section] 54-56e . . . provides for a pretrial program for accelerated rehabilitation when the accused: is charged with crimes or violations that are not of a serious nature but are punishable by a term of imprisonment; has no previous record of conviction of a crime or of certain motor vehicle offenses . . . and states under oath that she never has invoked the use of such program. General Statutes § 54-56e (a) and (b). The trial court may, in its discretion, invoke such program upon application of the accused or the state's attorney, provided the court believes that the person probably will not offend in the future. General Statutes § 54-56e (b). Any defendant who enters such program: must pay to the court a participation fee of $100; agree to the tolling of any statute of limitations with respect to such crime and to a waiver of the right to a speedy trial; appear in court and, under such conditions as the court shall order, be placed on probation and released to the custody of the [C]ourt [S]upport [S]ervices [D]ivision of the [J]udicial [B]ranch. General Statutes § 54-56e (d). If the defendant satisfactorily completes the period of probation, the court, on finding such satisfactory completion, shall dismiss the charges. General Statutes § 54-56e (f). Upon dismissal, all records of the charges against the defendant shall be erased. General Statutes § 54-56e (f)." (Footnote omitted.) *AFSCME, Council 4, Local 1565* v. *Dept. of Correction*, 298 Conn. 824, 838–41, 6 A.3d 1142 (2010).

"Accelerated rehabilitation is not a right at all. It is a statutory alternative to the traditional course of prosecution available for some defendants and totally dependent upon the trial court's discretion. . . . In essence, the legislature has declared [an accused] a worthy candidate for a second chance. . . . The purpose of probation is to afford a period during which a penitent offender may be assisted in rehabilitation. . . . Probation is designed to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large." (Citations omitted; internal quotation marks omitted.) *State* v. *Fanning*, 98 Conn. App. 111, 116, 908 A.2d 573 (2006), cert. denied, 281 Conn. 904, 916 A.2d 46 (2007).

Our analysis is complicated somewhat by a trial court record that does not precisely identify the specific sequence and timing of motions. As noted in the prior history, the court, *Iannotti, J.*, granted accelerated rehabilitation. Noting that the defendant had already been incarcerated for four months on a misdemeanor charge, the court prescribed a period of probation for two years, with special conditions of no contact with the complainant, mental health evaluation and treatment

as may be determined, substance abuse evaluation and treatment, and seeking and maintaining full-time employment.

Although there were no court proceedings for one and one-half years, the defendant reportedly was detained by ICE in May, 2012, and deported in August, 2012. His deportation was brought to the attention of the court, *Arnold, J.*, in November, 2013, and the date for the defendant to appear in court regarding his probation status was "advanced" to November 22, 2013. On that date, the defendant, having been deported, did not appear. His attorney initially requested a continuance to enable her to investigate the circumstances. The state requested that the probation be terminated, whereupon the defendant requested that the case be dismissed because of successful completion of the probationary period; the court summarily denied the motion that the case be dismissed. The court issued a rearrest warrant, which it later vacated. It is not clear from the court's discussion with counsel whether there was a distinct ruling on the state's motion to terminate probation:

"[The Prosecutor]: According to probation . . . the report states that the [defendant] has been deported to Poland as of [August 16, 2012] and . . . this has been confirmed by immigration. Please terminate this [accelerated rehabilitation].

"The Court: All right. Well, we can terminate the [accelerated rehabilitation], that's not the problem. The problem is we still have a case to dispose of. . . .

"[Defense Counsel]: Would Your Honor consider a dismissal?"

As of November 22, 2013, then, there was no specific objection to the termination of the probation and the court never specifically ruled on the request for a continuance, though a termination of probation may be tantamount to a denial of a motion for a continuance. The concern was how or whether to proceed further with the case.

On January 28, 2014, the court held a hearing at the request of the defendant's attorney for a waiver of fees and appointment of counsel to appeal from the termination of probation. After again denying the motion to dismiss the criminal case, the court continued the matter until such time as it could be determined that the defendant himself actually wanted to appeal.

On February 11, 2014, the court vacated the rearrest order. The court and counsel further discussed the unresolved issues presented by the case; at that point, the parties did not know the basis for the defendant's deportation. The court expressed a willingness to revisit the issue of termination of probation: "Probation didn't say he was unsuccessful because he didn't do the counseling . . . or didn't fulfill the conditions. His deportation has . . . made that impossible, more likely than not.

There might [be] need [for] further exploration from probation as to whether or not he was in the process of successfully completing those conditions . . . . So I would hear other argument on that on another day if anybody was moving to reinstate the [accelerated rehabilitation]. . . . So I see no reason, lacking any evidence presented that he was deported solely because of the [accelerated rehabilitation], to reinstate the [accelerated rehabilitation] program. It remains terminated. . . . By the next court date, the court can always take remedial action and reinstate it if somebody could show that he was successful and he's back here and wants to complete the program but, until that time, it remains terminated.''

The defendant's attorney reported that she had spoken with the defendant, who was in Poland. He reportedly confirmed that he did want to pursue the appeal and that he had been detained by ICE agents when he reported for his intake processing at the Office of Adult Probation. The court granted the request for appointment of counsel and waiver of fees and costs for appeal.

The final court proceeding occurred on April 21, 2014, the original continuation date after the granting of accelerated rehabilitation.[1] At that appearance, the parties reported that the defendant had been deported because he had overstayed his visa; the present case apparently had no effect on the decision to deport. A rearrest was ordered. There was no indication that the defendant was anywhere other than Poland.

We first consider the defendant's claim that the court improperly denied his motion to dismiss the criminal charge. We conclude from our review of the proceedings that the court clearly denied the defendant's efforts to have the criminal charge dismissed and that the defendant's claim on appeal regarding the motion to dismiss was presented to the trial court and, thus, was preserved. We also can ascertain the basis for the court's ruling: there was no evidence before the court that the defendant had successfully completed the probationary period.

A defendant who has been granted accelerated rehabilitation is entitled to a dismissal of the criminal charges against him only if the court properly finds that he has satisfactorily completed his period of probation. General Statutes § 54-56e (f); *State* v. *Fanning*, supra, 98 Conn. App. 115, 119. There is nothing in the record before us to suggest that the defendant successfully completed his probation or, for that matter, that he even was evaluated for substance abuse or mental health treatment. The defendant's principal claim is that his deportation was not wilful on his part,[2] and he, therefore, did not wilfully violate a term of probation. In the context of accelerated rehabilitation, however, the sole criterion is successful completion. See, e.g., *State* v. *Fanning*, supra, 120; see *State* v. *Kevalis*, supra, 313

Conn. 600–601; see also *State* v. *Trahan*, 45 Conn. App. 722, 732, 697 A.2d 1153 ("[i]f the trial court determines that the defendant did not fulfill the conditions of probation, the charges will not be dismissed and the defendant may be required to go to trial" [internal quotation marks omitted]), cert. denied, 243 Conn. 924, 701 A.2d 660 (1997). The court did not abuse its discretion in finding that the defendant had not successfully completed probation and, thus, properly denied the motion to dismiss the criminal charge.

We likewise find no abuse of discretion in the trial court's decision to terminate the defendant's probation. First, the record does not show that the issue was properly preserved. As noted previously in this opinion, there was no specific objection to the order terminating probation on November 22, 2013; the defendant appeared largely focused on having the criminal case terminated as well. "[B]ecause the sine qua non of preservation is fair notice to the trial court . . . the determination of whether a claim has been properly preserved will depend on a careful review of the record to ascertain whether the claim on appeal was articulated below with sufficient clarity to place the trial court on reasonable notice of that very same claim." (Internal quotation marks omitted.) *State* v. *Dixon*, 318 Conn. 495, 500, 122 A.3d 542 (2015).

Assuming proper preservation, however, there also is nothing in the record to suggest that the trial court's termination of probation in November, 2013, was unreasonable. At that point, the defendant was in Poland; indeed, the reason for terminating probation was an apparent inability to comply with the conditions.[3] The two year probation was to expire on April 21, 2014, and the record shows that the defendant was still in Poland: there is nothing to suggest that the defendant would have satisfactorily completed the probationary period had it not been terminated. The two year period of probation has expired, in any event, and there is no evidence in the record tending to show the possibility of successful completion had probation not been terminated.

After vacating the rearrest at the February 11, 2014 hearing, the court indicated that at the next court date, it would consider "tak[ing] remedial action and reinstat[ing] [the accelerated rehabilitation program] if somebody could show that [the defendant] was successful and he's back here and wants to complete the program, but, until that time, it remains terminated." At the April 21, 2014 hearing, there was no evidence that the defendant had successfully completed the program. In its memorandum of decision, the court also noted that "[t]he defendant's counsel offered no evidence that the defendant was participating in mental health evaluation and treatment and substance abuse evaluation and treatment . . . in his native Poland; nor was there any

proof that he was maintaining or seeking full-time employment." Although there was no evidence regarding the defendant's compliance, the court expressly stated that it would consider any evidence that might be offered, and the court anticipated the possibility of the "reinstatement" of probation, which would vitiate any fear of injustice or the harm emanating from it. There is, of course, potential harm in the pendency of the criminal charge, but we have already determined that the court properly declined to dismiss the case.[4]

Given these circumstances, we hold that the trial court's decision to terminate probation was a reasonable application of our law and did not result in injustice to the defendant.[5] See *State* v. *Callahan*, supra, 108 Conn. App. 611. Therefore, the trial court did not abuse its discretion in terminating the defendant's probation.

The judgment is affirmed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual assault, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] As is typical, the continuation date was set to coincide with the end of the defendant's probation so that the court could determine if the defendant had successfully completed the conditions of his probation. If so, the court would dismiss the case against the defendant.

[2] Contrary to the defendant's position, in the pretrial context, pursuant to § 54-56e, the state does not have the burden of proving that probation was not successfully completed. For an extended discussion of the differences between pretrial probation and postconviction probation, see generally *State* v. *Kevalis*, supra, 313 Conn. 598–609; see also *State* v. *Fanning*, supra, 98 Conn. App. 117–20.

[3] There has been no suggestion that the defendant's probation was transferred to Poland or in any way executed in Poland.

[4] We note as well that the defendant's motion for a continuance was requested in November, 2013, in order to give counsel time to investigate the situation. As stated previously, the court did not expressly rule on that motion. The court, however, held several additional hearings and, by April 21, 2014, the expiration date of the original two year period of probation, counsel had been given an opportunity to investigate.

[5] Indeed, if the defendant were to return to court, he presumably would have the opportunity to present evidence regarding successful completion.